HUGH M. KEARY, PATRICK F. KEARY, AND CHARLES A. LACOS'I. PLAINTIFFS IN ERROR, v. THE FARMERS AND MERCHANTS BANK OF MEMPHIS, DEFENDANTS IN ERROR.

A promissory note was drawn by Hugh M. Keary, and Patrick F. Keary, dated at Pinkneyville, Mississippi, in favour of Charles A. Lacoste, payable twelve months after date at the Planters Bank of Natchez. The note was endorsed by Charles A. Lacoste to the Farmers Bank of Memphis, Tennessee. The note having been protested for nonpayment, the Farmers Bank of Memphis instituted a suit in the Circuit Court of Mississippi, against the drawers and endorser, alleging that they were citizens of Tennessee, and that the defendants were citizens of Mississippi. The action was against the drawers and endorser of the note; they being joined in the suit in pursuance of a statute of Mississippi of 1837, which required that in all actions on bills of exchange and promissory notes, the plaintiff shall be compelled to sue the drawers and endorsers, resident in the state in the county where the drawers live, in a joint action. This statute had been adopted by the Judge of the District of Mississippi, in the absence of the Judge of the Supreme Court assigned to that circuit, by a rule of Court; and in conformity with the rule this suit was instituted. The defendants pleaded to the jurisdiction of the Court, on the ground that the drawers and drawee of the note were, when it was made, citizens of Mississippi; and this plea being overruled on demurrer, the Circuit Court, on the failure of the drawers to plead over, and the failure of Lacoste to appear, gave a judgment for the plaintiff.

This action cannot be sustained in the Circuit Court, jointly against the drawers and endorser of the note. The statute of Mississippi is not in force or effect in the Courts of the United States; the sole authority to regulate the practice of the Courts of the United States being in Congress.

So far as the acts of Congress have adopted the forms of process, and modes of proceeding and pleadings in the State Courts, or have authorized the Courts thereof to adopt them, and they have actually adopted them, they are obligatory; and no farther. But no Court of the United States is authorized to adopt by rule any provisions of state laws which are repugnant to, or incompatible with the positive enactments of Congress, upon the jurisdiction, or practice, or proceedings of such Courts.

The law of Mississippi is repugnant to the provisions of the act of Congress giving jurisdiction to the Courts of the United States; and organizing the Courts of the United States.

No suit against the drawers of the note could be maintained in the Circuit Court. The eleventh section of the judiciary act of 1789, allows suits on promissory notes to be brought in the Courts of the United States in cases only where the suit could have been brought in such Court, if no assignment had been made. The makers and payee of the note having been citizens of Mississippi, the Circuit Court had no jurisdiction of a suit against the makers. Between Lacoste, the endorser, and the plaintiffs below, it was different; for on his endorsement to citizens of another state,

[Keary et al. *v.* The Farmers and Merchants Bank of Memphis.]

he was liable to a suit by them in the Circuit Court. But the joining of those who could not be sued in the Circuit Court with the endorser, made the whole action erroneous. The action was founded on distinct and independent contracts.

IN error to the Circuit Court of the United States for the District of Mississippi.

In the District Court for the southern district of Mississippi, an action was instituted by the President, Directors, and Company of the Farmers and Merchants Bank of Memphis, citizens of Tennessee, against the plaintiffs in error, Hugh M. Keary, Patrick F. Keary, and Charles A. Lacoste, citizens of the state of Mississippi, on a promissory note drawn by Hugh M. Keary, and Patrick F. Keary, in favour of, and endorsed to the bank by Charles A. Lacoste. The action was afterwards transferred to the Circuit Court of the United States for the district of Mississippi.

By a statute of Mississippi, suits on promissory notes are prohibited to be brought in any other form than against all the parties, drawers and endorsers, in a joint action; and the action must be prosecuted in the county in which the drawers reside.

By a rule of the Circuit Court, adopted by the district judge, sitting in the Circuit Court, and, in the absence of the judge of the Supreme Court assigned to sit in that Circuit, the practice of the Courts of Mississippi, in conformity with the statute, was adopted as the practice of the Circuit Court.

Process was served on all the defendants; and two of the defendants, Hugh M. and Patrick F. Keary, entered a plea to the jurisdiction of the Court; averring that the cause of action, if any, accrued to the plaintiffs, by virtue of the promissory note, made payable to the order of Charles A. Lacoste, and by him, Lacoste, endorsed to the plaintiffs: and that, at the time of making the aforesaid note, and at the time of the commencement of the plaintiffs' action, the said defendants, and Charles A. Lacoste, were citizens and residents of the said state of Mississippi.

The plaintiffs below, the defendants in error, demurred to this plea, and the Circuit Court sustained the demurrer. The defendant, Lacoste, having made default, and no further plea having been entered by the other defendants, the Court rendered a joint judgment against all the defendants.

The defendants prosecuted this writ of error.

The case was argued by Mr. Henderson, for the plaintiffs in error; and by Mr. Jones, for the defendants.

Mr. Henderson contended

1. That the declaration, in joining the defendants, as drawers and endorser of the note sued on, and showing the separate contracts and undertakings of the drawers and endorser, nevertheless alleges and claims a joint damage only; thus setting forth a defective cause of action, not authorizing the judgment rendered.

2. The judgment of the Court is rendered jointly against the defendants on separate contracts and assumpsits, in violation of the contracts declared on.

3. There is error in this, that the plea to the jurisdiction of the Court should have been sustained; and the judgment rendered is void for want of jurisdiction.

The obvious error in the judgment of the Circuit Court was the want of jurisdiction over the parties. The suit, pursuing the form of action prescribed by the statute of Mississippi, is against the drawers and endorser of the note, and there is a general judgment against all. Thus, while no right under the judiciary act of 1789 exists to sue in the Circuit Court, the parties, whose only obligations were to the endorser of the note, both citizens of Mississippi, the Court allow proceedings against them, because, by the Mississippi statute, the suit must be against all the parties; and to the plaintiffs below, as citizens of Tennessee, the endorser only was answerable in the Circuit Court of the United States.

The rule of Court which adopted the practice under the Mississippi statute, was not authorized by the judiciary act. The Courts of the United States have no authority to make such rules; the power is only in Congress. Cited, 2 Laws of the United States, sect. 11, p. 61. Jurisdiction cannot be given by rules of Court.

There is also a defective cause of action in law, as set forth in the declaration, which can authorize no judgment thereon. The action is joint, the breach and damages complained of as joint, and a joint judgment is thereupon rendered. Whereas, the causes of action are the separate liability of drawers and endorser, being contracts and assumpsits wholly distinct and independent, the respective obligations of which are violated by conjoining

them, and adjudging a joint responsibility, different and adverse to their several undertakings.

Mr. Jones, for the defendants in error, maintained that the plea was bad, and had been properly overruled by the Circuit Court.

2. That the endorsement of the note was not like endorsements in general, a new note between the endorser and the endorsees alone, but a new note, in which the drawers and endorser took the relation of joint promissors to the endorsees.

That, whatever be the precise mode or form in which the statute may be held to have operated the effect of joint liability, it has, in operating that specific effect, necessarily given to the contract of endorsement the new and enlarged effect of creating a joint obligation or promise, direct and immediate, from the drawers and endorser to the endorsees.

That this action, therefore, is not on a mere assignment of the original chose in action; but substantially on an original undertaking, imposed by the subsequent contract of endorsement alone.

That, as the jurisdiction of the Court would have been unquestionable, had a suit on the endorsement, between endorsees and endorser, been allowed, so it cannot, in any reason, be taken away by any enlargement or modification of the contract of endorsement itself, created by the local law of the state.

This is the only mode in which the action would be legal in the state of Mississippi. If the point now made by the counsel for the plaintiffs in error is sustained, the jurisdiction of the Courts of the United States in commercial cases, which were the object of the judiciary act of 1789, will be defeated.

There is a plastic power in Courts, over commercial instruments, under anomalous circumstances of irregularity in their frame, so as to mould them to their primary ends and purposes. Thus, an endorser is held liable as the drawer of a new bill or note, when upon no other hypothesis could any action be framed on the instrument. The endorsement, without a prior endorsement of the payee, or special endorser, of a bill payable to a fictitious payee, has been held binding. A bill, or prior endorsement forged, or made by a feme covert, or an infant, has been held to bind a subsequent endorser, in the hands of a bona fide holder. To these may be added many special instances, still more ano-

[Keary et al. *v.* The Farmers and Merchants Bank of Memphis.]

malous. Chitty on Bills, 109, 265, 268, 626, 627, 584, 588, 589; Baylis on Bills of Exchange, 85; Kyd on Bills, 150; Buller *v.* Cripps, 6 Wend. 30; Lambert *v.* Pack, 1 Salk. 127; Hill *v.* Lewis, 1 Salk. 132; 1 Strange, 441; Heylin *v.* Adamson, 2 Burr. 674; 3 East, 482; Gibson *v.* Mivet, 1 H. Black. 587; 1 Strange, 478; Critchlew *v.* Berry, 2 Cowp. 182; 2 Bing. N. C. Rep. 439; 4 Mass. 258; 7 Pickering, 291; 16 Pickering, 533; Bush *v.* Reeves, 3 Johns. 439.

Mr. Justice STORY delivered the opinion of the Court.

This is a writ of error to the Circuit Court of the district of Mississippi. The original action is assumpsit upon a promissory note, signed by Hugh M. Keary and Patrick F. Keary, dated at Pinkneyville, in the state of Mississippi, on the 18th of February, 1838, whereby (as the declaration alleges) the makers promised twelve months after date, to pay to Charles A. Lacoste, by the name and description of Briggs, Lacoste, and Company, or order, four thousand eight hundred and sixty-three dollars and fifty-five cents, payable and negotiable at the Planters Bank in Natchez, and which note was endorsed by Lacoste, by the name and description of Briggs, Lacoste, and Company, to the plaintiffs, The Farmers and Merchants Bank of Memphis. The declaration avers that the plaintiffs are citizens of Tennessee, and that the defendants are citizens of Mississippi; the makers and the endorser being joined in the suit. This joinder was in pursuance of a statute of Mississippi, of the 13th of May, 1837, (Laws of Mississippi, edit. 1838, p. 717,) whereby it is enacted, "That in all actions founded upon bills of exchange and promissory notes, the plaintiffs shall be compelled to sue the drawers and endorsers, living and resident in this state, in a joint action; and such suit shall be commenced in the county where the drawer or drawers reside, if living in the state; and if the drawer or drawers be dead, or reside out of the state, the suit shall be brought in the county where the first endorser resides." It seems that this statute had been adopted by the district judge of the district of Mississippi, in the absence of the judge of this Court, assigned to that circuit by a rule of Court; and upon the footing of that rule the present suit was brought.

The makers of the note pleaded a plea to the jurisdiction of the

Court, averring that the cause of action accrued to the plaintiffs by virtue of the promissory note made payable to and endorsed by Lacoste to them; and that they, the makers, at the time of making the note and at the time of the commencement of the action, were citizens and residents of the state of Mississippi. To this plea there was a demurrer, which upon the hearing was overruled, and the makers assigned to plead over; which, having failed to do; and Lacoste, the other defendant, having failed to appear, judgment was finally rendered against all the defendants; and from that judgment the present writ of error has been brought to this Court.

The first and main question presented to us for consideration is, whether the present action is sustainable in the Circuit Court jointly against the makers and the endorser, under the circumstances disclosed in the record. In our judgment it is not. The statute of Mississippi, proprio vigore, is of no force or effect in the Courts of the United States, it not being competent for any state legislature to regulate the forms of suits or modes of proceeding or pleadings in the Courts of the United States; but the sole authority for this purpose belongs to the Congress of the United States. So far as the acts of Congress have adopted the forms of process, and modes of proceeding and pleadings in the State Courts, or have authorized the Courts thereof to adopt them, and they have been actually adopted, they are obligatory; but no farther. But no Court of the United States is authorized to adopt by rule any provisions of state laws which are repugnant to or incompatible with the positive enactments of Congress upon the subject of the jurisdiction, or practice, or proceedings in such Court.

It is obvious that the latter clause of the statute of Mississippi already cited, which provides for the bringing of suits upon bills of exchange or promissory notes, in the county where the drawers live, or, under certain circumstances, in the county where the first endorser lives, is utterly incompatible with and repugnant to the known organization and jurisdiction of the Courts of the United States. Suits in these Courts are, by the judiciary act of 1789, ch. 20, sect. 11, to be brought in the district whereof the defendant (being a citizen of the United States) is an inhabitant, or in which he shall be found at the time of serving the writ; and the

[Keary et al. *v.* The Farmers and Merchants Bank of Memphis.]

suits are cognisable in no other places than those assigned for the regular holding of the terms of the Courts.    There is no pretence therefore to say, that the Circuit Court could by any rule adopt the state law upon this subject.

As little real ground is there for maintaining, that the Court had authority to adopt the other part of the state statute requiring that the drawers and endorsers of bills of exchange and promissory notes should be compellable to be joined by the plaintiff in a joint action.    The judiciary act of 1789, ch. 20, in the eleventh section, gives jurisdiction to the Circuit Court of suits between a citizen of the state where the suit is brought, and a citizen of another state; and, among other exceptions, not applicable to the present suit, it excepts "any suit to recover the contents of any promissory note or other chose in action in favour of an assignee, unless the suit might have been prosecuted in such Court to recover the contents, if no assignment had been made; except in cases of foreign bills of exchange."    It is plain upon the language of this clause, that as the makers and the payee of the promissory note in this case, were all citizens of Mississippi, no suit could have been maintained between them, (the original parties,) in the Circuit Court.    But the same objection does not apply to a suit on the same note by the plaintiffs as endorsees against their immediate endorser, Lacoste; for there is an immediate privity of contract between them, and they are citizens of different states. This was long since settled by the decision of this Court in Young *v.* Bryan, 6 Wheat. 146.    So that it is manifest, that as between the makers and the plaintiffs the present suit is not maintainable; and as between the endorser and the plaintiffs as endorsees, it is maintainable by the laws of the United States.    The result therefore of giving effect to the statute of Mississippi, and the rule of the Court adopting the same, would be, either that the Circuit Court, in contravention of the express terms of the judiciary act of 1789, ch. 20, would be obliged to maintain jurisdiction over the makers, which is prohibited by that act, or else would be compellable to surrender jurisdiction over the endorser, which the same act confers on it.    Certainly such a doctrine cannot be asserted to be well founded in law.    If it were admitted, it would enable the state legislatures, by merely changing the modes of remedial justice, or requiring different parties under different and

distinct contracts to be joined in one and the same suit, to oust the Courts of the United States of all the legitimate jurisdiction conferred upon them by the Constitution and the acts of Congress.

For these reasons we are of opinion that the present suit, so far as it respects the jurisdiction of the Circuit Court over the makers of this note, is ill founded; and that the plea of the makers to the jurisdiction is good in point of law; and that the suit being a joint action, found upon distinct and independent contracts, is incapable of being sustained in the Courts of the United States against any of the defendants. The consequence is, that the judgment must be reversed, and the cause remanded to the Circuit Court, with directions that the plaintiffs take nothing by their writ.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the southern district of Mississippi, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, reversed and annulled; and that this cause be, and the same is hereby, remanded to the said Circuit Court, with directions to enter judgment for the defendants, in conformity to the opinion of this Court.