WILLIAM A. DROMGOOLE, FREDERICK G. TURNBULL, AND CHARLES A. LACOSTE, PLAINTIFFS IN ERROR, *v.* THE FARMERS' AND MERCHANTS' BANK OF MISSISSIPPI.

A statute of Mississippi allows suit to be brought against the maker and payee, jointly, of a promissory note, by the endorsee.

But an action of this kind cannot be maintained in the courts of the United States, although the plaintiff resides in another state, provided the maker and payee of the note both reside in Mississippi.

THIS case was brought up by writ of error from the Circuit Court of the United States for the southern district of Mississippi.

In 1838, the following promissory note was executed:

2899 $\frac{50}{100}$                 *Princeton, Washington co., May 17th, 1838.*

On the 1st of January, 1839, we, or either of us, promise to pay to the order of Briggs, Lácoste and Co., two thousand eight hundred and ninety-nine $\frac{50}{100}$ dollars for value received, payable and negotiable at the Planters' Bank of Mississippi, at Natchez.

WILL. A. DROMGOOLE,

F. G. TURNBULL.

The makers and payees were all residents of the state of Mississippi. Lácoste, in the partnership name, endorsed it to the Farmers' and Merchants' Bank of Memphis, the stockholders of which are alleged to reside in Tennessee. The bank brought suit upon it in the Circuit Court of the United States for the district of Mississippi. The suit was brought against Dromgoole and Turnbull as the makers, and also against Lácoste; the junction being permitted by a statute of Mississippi. The defendants pleaded in abatement as follows:

" And the said defendants, who are citizens of the state of Mississippi, in their own proper persons, come and defend the wrong and injury, and say: that the persons composing the commercial firm of Briggs, Lácoste and Co., to whom the said promissory note declared upon was made and delivered at the time of its date and delivery, then were, and yet are, citizens of and resident in the state of Mississipi, and were so at the time of the supposed transfer and delivery of the said promissory note to the said plaintiffs, by reason whereof, this honorable court cannot in law have or entertain jurisdiction of this cause, and this they, the said defendants, are ready to verify. Wherefore, the said defendants pray judgment of the said writ and declaration, and that the same may be quashed.

SANDERS, for defendants."

To this plea the plaintiffs demurred, and the court sustained the demurrer. Judgment was accordingly entered for the plaintiffs, and to review the opinion of the court upon the demurrer, the present writ of error was brought.

The case was argued by *Walker* for the appellants, who relied upon the cases in 16 Peters, 89 and 315.

Mr. Justice STORY delivered the opinion of the court.

This is a writ of error to the Circuit Court of the United States for the southern district of Mississippi.

The original action was brought by the bank of Memphis, alleging the stockholders to be citizens of Tennessee, against the plaintiffs in error, (the original defendants,) alleging them to be citizens of Mississippi; and it was founded upon a promissory note made by Dromgoole and Turnbull, (two of the defendants,) dated at Princeton, Washington county, Mississippi, May 17th, 1838, whereby on the 1st of January, 1839, they, or either of them promised to pay to the order of Briggs, Lácoste and Co., $2899 50, for value received, payable and negotiable at the Planters' Bank of Mississippi, at Natchez. The declaration alleged title in the bank to the note by the endorsement of the payees, Lacoste using the name and description of Briggs, Lácoste and Co. to them; and the suit was brought jointly against both the maker and the payee, in conformity to a statute of Mississippi, authorizing such a proceeding. The defendants pleaded that they are citizens of Mississippi, and that the persons composing the firm of Briggs, Lacoste and Co. were, and yet are citizens and residents of Mississippi, and were so at the time of the supposed transfer and delivery of the promissory note to the bank. To this plea there was a demurrer and joinder, on which the Circuit Court gave judgment for the bank; and the present writ of error is brought to revise that judgment.

The 11th section of the Judiciary act of 1789, ch. 20, provides, "Nor shall any district or circuit court have cognisance of any suit to recover the contents of any promissory note, or alter those in action in favour of an assignee, unless the suit might have been prosecuted in such court to recover the said contents, if no assignment had been made, except in cases of foreign bills of exchange." Now, the present case falls directly within the prohibition of this clause. The suit is brought by the plaintiffs to recover the contents of a promissory note of which they are the endorsees of the payee, and the payee and the makers are all citizens of Mississippi. The ground on which the original judgment was given, probably, was that the statute of Mississippi required all the parties to the note to be joined in the suit; and as all the plaintiffs were citizens of Tennessee, and all the defendants citizens of Mississippi, it was a case falling directly within the general provisions of the 11th section of the Judiciary act of 1789, ch. 20, which gives jurisdiction to the Circuit Court in cases where "the suit is between a citizen of the state where the suit is brought, and a citizen of another state." But it has been already decided by this court, that the statute of Mississippi is of no force or effect in the

courts of the United States, and that independently of that statute no such joint action is by law maintainable. This was decided in Keary v. The Farmers' and Merchants' Bank of Memphis, 16 Peters, 89. The other point, that the case falls within the prohibition of the 11th section of the Judiciary act of 1789, ch. 20, was as fully recognised by this court in Gibson and Martin v. Chew, 16 Peters, 315.

There is nothing then in the present case which is open for argument. The judgment of the Circuit Court of the southern district of Mississippi is, therefore, reversed, and the cause remanded to that court with directions to enter a judgment for the defendants.

### ORDER.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the southern district of Mississippi, and was argued by counsel. On consideration whereof, It is now here ordered and adjudged by this court, that the judgment of the said Circuit Court, in this cause be, and the same is hereby reversed with costs; and that this cause be, and the same is hereby remanded to the said Circuit Court, with directions to that court to enter judgment for the defendants.