LITTLETON E. DAVIS, and others, by LITTLETON E. DAVIS, their Guardian and next friend *vs.* WILLIAM S. HAMBLIN, and others.

*Introduction of an Original Deed in Evidence and Parol Testimony, in a Court of Law, to show that the Deed was Procured by Fraud, and Fraudulently Altered and Forged—Certificate of Acknowledgment, Prima Facie Proof.*

In an action of ejectment instituted in 1878, by the appellants against the appellees, it was admitted that the appellants were the heirs at law of M. D., the wife of L. D., who had been seized in fee in her own right, during coverture, of the land in controversy, together with her husband; and that she died *féme covert* and intestate in 1851, and her husband died in 1858. The appellees then offered in evidence the record of a deed dated in 1833, from L. D. and M. his wife, to J. H., the ancestor of the appellees, of the land in controversy, who, it was admitted, at once entered into possession and remained in possession until his death in 1876; and it was admitted, that the appellees had been in possession ever since his death. The appellants then offered in evidence a paper writing purporting to be the original deed from L. D. and M. his wife, to J. H., the record of which had been given in evidence by the appellees; and the appellants offered to follow up the introduction of the original deed of 1833, by parol proof from competent witnesses. It appeared that the certificate of acknowledgment of the deed purporting to be a deed from L. D. and M. his wife, to J. H., contained no mention of a private examination of the wife, and that connected with the evidence proposed to be given, the existence of the instrument itself as the act of M. D. the wife, would be disproved, and a gross fraud and forgery exposed. HELD :

That the original deed and the parol testimony were admissible.

Certificates of acknowledgment and copies of the record are only *prima facie* proof, and parol evidence is admissible in a Court of law to prove that the execution, acknowledgment or registration of a deed was procured by fraud, or that it was fraudulently altered or forged.

Davis, *et al. vs.* Hamblin, *et al.*

APPEAL from the Circuit Court for Worcester County.

The case is stated in the opinion of the Court. The certificates of acknowledgment and of enrolment of the deed, mentioned in the opinion, are as follows:

STATE OF MARYLAND,
*Worcester County, to wit:*

Be it remembered, that on the day and year first within written, personally appeared Littleton Davis, before us, the subscribers, two justices of the peace for the county and State aforesaid, and acknowledged the within deed or instrument of writing to be his act and deed, and the land and premises therein mentioned, and thereby bargained and sold, also to be the right and estate of John Hamblin, party grantor therein mentioned, his heirs and assigns forever, according to the true purport, intent and meaning of the said deed or instrument of writing, and Acts of Assembly in such case made and provided, &c. Also, at the same time and place, before us, personally appeared Mary Davis, wife of the aforesaid Littleton Davis, and acknowledged the within deed or instrument of writing to be her act and deed, and the lands and premises therein mentioned, and thereby bargained and sold, to be the right and estate of John Hamblin, party grantee therein mentioned, his heirs and assigns forever, according to the true purport, intent and meaning of the said deed or instrument of writing, and Acts of Assembly in such case made and provided, and out of the presence and hearing of her husband, signs, seals and executes the said deed or instrument of writing, and doth make her acknowledgment of the same willingly and freely, without being induced thereto by fear or threats of ill-usage by her husband, or fear of his displeasure, &c.

Taken and certified to, the day and year first within written, before—

> JAS. C. WELBOURN.
> STEPHEN ROACH.

And be it also remembered, that we, the subscribers, justices of the peace as aforesaid, are satisfied of our own knowledge that the same Littleton Davis and Mary Davis, his wife, are the parties who are named and described as, and professing to be parties to the said deed or instrument of writing.

Taken before and certified by us, the subscribers, the day and year before written.

> JAS. C. WELBOURN.
> STEPHEN ROACH.

March the twenty-first day, Anno Domini, eighteen hundred and thirty-four.—Then was delivered unto me, the subscriber, the within deed, in order to be enrolled among the records of Worcester County, which said deed, together with the acknowledgment thereof thereon endorsed, are accordingly recorded among the same records in Liber A. Z., folios 603, 604 and 605.

> JOHN C. HANDY, *Clerk.*

The cause was argued before BARTOL, C. J., BOWIE, MILLER and ROBINSON, J.

*W. H. W. Farrow,* for the appellants.

1st. The record of a deed is not such a *record* as imports absolute verity. So high a sanction is only imputed to judicial records. The enrolment of a deed does not make it a record, but it thereby becomes a deed recorded. For there is a difference between a matter of record, and a thing recorded to be kept in memory. A record is the

entry in parolment of judicial matters controverted in a Court of record, and whereof the Court takes notice; but an enrolment of a deed is a private act of the parties concerned, of which the Court takes no cognizance at the time when it is done. When deeds are enrolled for safe custody, the enrolment is *evidence only* against the party who sealed the deed, but the party enrolling can never afterwards aver it was not his deed. *Cruse Dig., Book* 4, *title* 32, *Deed, ch.* 28, *secs.* 34 *and* 35.

Enrolment is *prima facie* evidence of all circumstances necessary to give validity to the instrument, but *not conclusive. State vs. Crawford,* 6 *H. & J.,* 234; *Hurn's Lessee vs. Soper,* 6 *H. & J.,* 276; *Barry vs. Hoffman,* 6 *Md.,* 88 *and* 89; *Warner vs. Hardy,* 6 *Md.,* 537.

2nd. The record of the certificate of the justices of the acknowledgment of a deed, is not such a record as imports absolute verity. "The justices, in making the certificate, act *ministerially,* and not *judicially." Lewis' Lessee vs. Waters,* 3 *H. & McH.,* 432.

The only sanction which such an act has in law, is the legal presumption that an act done in performance of official duty, is rightly done; but this presumption is, with rare exceptions, not *conclusive.* The presumption is strong enough to require clear and convincing evidence to repel it; but not so strong as to exclude countervailing proof. And such is the force given to the certificate of acknowledgment of deeds in the adjudicated cases. 2 *Wharton's Ev., secs.* 1052, 1054; *Byer vs. Etnyre & Besore,* 2 *Gill,* 150; *Copeland's Case,* 18 *Md.,* 305; *Matthews, et al. vs. Dare, et al.,* 20 *Md.,* 271; *Barrett vs. Prockaner, Ala.* (1878,) *Rep.,* 7 *Vol., No.* 7, 201; *Howetienne vs. Schnoor, S. C. Mich. Law Reg.,* (1876,) 373; *McCandless vs. Engle,* 51 *Pa.,* 309; *Michener vs. Cavender,* 38 *Pa.,* 334; *Lowden vs. Blythe,* 27 *Pa.,* 22; *S. C.,* 16 *Pa.,* 532; *Schroder vs. Decker,* 9 *Barr.,* 14; *Jamison vs. Jamison,* 3 *Whart.; Jackson vs. Humphreys,* 1 *John.,* 497; *Jackson vs.*

Davis, *et al. vs.* Hamblin, *et al.*

*Schoonmaker,* 4 *John.,* 160; *Jackson vs. Hagner,* 12 *John.,* 468; *Jackson vs. Perkins,* 2 *Wendell,* 304; *Watson vs. Campbell,* 28 *Barbour,* 421; *Dodge vs. Hollingshead,* 6 *Minn.,* 25; *Annan vs. Folson,* 6 *Minn.,* 500; *Egerton vs. Jones,* 10 *Minn.,* 427; *Stevens vs. Doe,* 6 *Blackfd.,* 475; *McNeely vs. Bucker,* 6 *Blackfd.,* 391; *Ford vs. Teal,* 7 *Bush.,* 156; *Woodhead vs. Foulds,* 7 *Bush.,* 222; *Hughes vs. Colman,* 10 *Bush.,* 246; *Moorman vs. Board,* 11 *Bush.,* 135; *Jutl vs. Rogers,* 12 *Bush.,* 564; *De Wolf vs. Hayden,* 24 *Ill.,* 525; *Graham vs. Anderson,* 42 *Ill.,* 514; *Eyster vs. Hathaway,* 50 *Ill.,* 521; *Lickmon vs. Harding,* 65 *Ill.,* 505; *Wells vs. Wright,* 7 *Halstead,* 137; *Marsh vs. Mitchell,* 26 *N. J. Eq.,* 497; *Kavanaugh vs. Day,* 10 *R. I.,* 393; *Hostley vs. Frost,* 6 *Texas,* 208; *Allen vs. Lenoir,* 53 *Miss.,* 321; *Johnston vs. Wallam,* 53 *Miss.,* 331; *Dolph vs. Barney,* 5 *Oregon,* 191; *Morris vs. Sargent,* 18 *Iowa,* 90; *Van Ormon vs. McGregor,* 23 *Iowa,* 300; *Baldwin vs. Snowden,* 11 *Ohio, U. S.,* 203; *Smith vs. Ward,* 2 *Root,* 374.

Only in Virginia and North Carolina, so far as we have been able to discover, do the Courts hold a doctrine differing from the cases just cited. Their Courts hold the privy examination, and certifying the acknowledgment of *feme coverts* to be a judicial act, and *conclusive* of the facts certified, and they make such construction necessary from the *terms* of their statutes. *Harkins vs. Forsyth, et al.,* 11 *Leigh,* 305.

Our Act of 1830, ch. 164, under which it is pretended this deed of Mary Davis was made, requires an actual compliance with its terms, and only upon the *fact* of such compliance does any estate pass from the *feme covert.*

Whilst the cases we have just cited, concur in holding the acknowledgment of a deed to be only *prima facie* evidence, yet they do not fully agree in the application of the rule. Some limit the circumstances under which evidence is admitted to disprove the certificate in much narrower bonds than others do. But none of them deny the pro-

priety of allowing evidence to disprove the certificate, when the circumstances show misconduct, wrong and collusion in the officer. Some of the cases, when the executing and acknowledgment is admitted, deny the right to impeach the certificate, for then the grantor may well be estopped, but none hold the certificate to exclude proof of fraud and combination. *Ridgely vs. Howard,* 3 *H. & McH.,* 321; *Bissett vs. Bissett,* 1 *H. & McH.,* 211; *Copeland's Case,* 18 *Md.,* 305; *Matthews, et al. vs. Dare, et al.,* 20 *Md.,* 271.

3rd. That ejectment is the proper action in which to try the validity of a deed, when the fact of its execution is denied. The issue is broad enough to embrace the question of title in any shape it may be presented. *Rem. on Ejectments,* 1 *and* 2.

To enable the plaintiff to recover, he must show in himself a good and sufficient title to the lands claimed. When an heir at law maintains the action, he must prove that his ancestor had title, and that he is heir. This makes for the heirs at law a *prima facie* case. Where "the plaintiff shows a *prima facie* good title, it is incumbent on the defendant setting up an outstanding title, by way of defence, to establish the existence of such title with clearness and precision," and generally such a title as might be recovered upon in an action of ejectment. *Lanney's Lessee vs. Wilson, et al.,* 30 *Md.,* 546.

At common law the deed of an ancestor could be set up against the heir at law only upon complete proof of its execution, but we concede that under our system of enrolling deeds, the enrolment is evidence of all circumstances necessary to give it validity, and dispenses with the necessity of proving execution. But this evidence is not *conclusive;* it is only *prima facie,* and like all *prima facie* evidence, may be rebutted. *Crawford vs. State,* 6 *H. & J.,* 234; *Hurn's Lessee vs. Soper,* 6 *H. & J.,* 276; *Barry vs. Hoffman,* 6 *Md.,* 88 *and* 89; *Warner vs. Hardy,* 6 *Md.,* 537.

The evidence offered by appellants, would prove that the appellees are claiming under a deed which Mary Davis never made; which was, so far as Mary Davis was concerned, *a forgery.* It disproved the signing, sealing, acknowledging and delivery of it as her deed, and without which no estate passed from Mary Davis to John Hamblin, but remained in her, and descended to her heirs. The signing, sealing and delivery of a deed are essential to its validity, " and being matters of facts, are to be tried by *jurors."* 1 *Sheppard's Touch.*, 54.

4th. That the original deed was competent and admissible evidence. The deed itself is the instrument by which the estate passes, if any does pass. The record of the deed is but *evidence* of the deed. The original is, at all times, as good evidence as the exemplification. *Hurn's Lessee vs. Soper,* 6 *H. & J.,* 280; *Crawford vs. State,* 6 *H. & J.,* 234; *Gwinn vs. Jones' Lessee,* 2 *G. & J.,* 173.

When the issue involves an impeachment of the deed as a forgery, and as having been fraudently altered before its enrolment, from the nature of things, the record of the deed cannot, but the original may show the truth upon its face. In fact it is necessary to produce the forged paper, or else to show its loss, in order to be allowed to prove forgery. Again, the original paper is material to identify the pretended deed, with the collusive and fraudulent execution in August, 1833. 3 *Greenl. Ev.,* sec. 107.

5th. That the parol evidence set out in the exception as offered by appellants, was competent and admissible in this action. The objection urged below was, that in an action *at law,* the evidence could not be received. We reply that the rules of evidence are the same at law and in equity, *as to matters of fact.* The true inquiry is, it having been shown under the first and second points, that the deed does not conclude as a record, did the Court of law have jurisdiction? The tendency of the offered evidence was to show that the deed under which the appel-

lees claimed, was never made by Mary Davis, and was not her deed. This certainly was a question of fact proper to be tried at *law.* Again, it proved that its pretended execution was a falsehood, collusively certified by the justices, its signing forged, and all this before the eyes of John Hamblin, and so fraudulently procured, and held forth as a deed, by John Hamblin. If so, it was unquestionably *void,* and so " to be held in any proceeding where its validity may be asserted." *Key's Lessee vs. Davis,* 1 *Md.,* 39; *Hurn's Lessee vs. Soper,* 6 *H. & J.,* 276; *Polk vs. Pendleton,* 31 *Md.,* 124 *and* 125; *Hamilton vs. Cummings,* 1 *Johns. Ch.,* 516.

6th. That the evidence before the Court, and that offered by the appellants, was decisive:

Upon the claim of the appellees under a deed from Mary Davis: it proved the deed *void;* and upon their claim of a possessory title, it proves that John Hamblin entered into possession under a deed which gave him the estate of Littleton Davis, the husband, in his wife's lands, which was an estate for the life of Littleton Davis, and which expired October 24th, 1858. That he had actual knowledge of all the frauds through which he made claim to Mary Davis' interest, and so could not make such claim in good faith, and therefore his paper title gave him not the color of title. *Baker vs. Lessee of Swan, et al.,* 32 *Md.,* 355; *Colvin vs. Warford, et al., Lessee,* 20 *Md.,* 395–6.

8th. That the deed, the record of which the appellees offered as the basis of their title, is in itself under the Act of 1830, ch. 164, sec. 3, if unimpeached by extraneous evidence, not sufficient to divest Mary Davis of her title to the lands, and transfer it to John Hamblin.

It does certify that out of the presence and hearing of her husband, she makes her acknowledgment willingly and freely, &c., but not that they made a private *examination,* in which she so acknowledged. *Lewis' Lessee vs. Waters,* 3 *H. & McH.,* 432; *Johns vs. Reardon,* 11 *Md.,* 465; *Grove vs. Todd,* 41 *Md.,* 640.

*John H. Handy, Jr.*, for the appellees.

It was not competent to impeach the certificate of the justices of the peace, as to the facts they are required to certify by the law existing at the date of the execution of the deed. *Act of* 1830, *ch.* 164, *sec.* 3, *and the Act of* 1831, *ch.* 205. Such certificate of law is conclusive. The parol proof proffered to be given in evidence, was solely for the purpose of showing that the certificate of the justices of the peace was false. Can this certificate be impeached in an action at law?

The precise point attempted to be proved was, that Mary Davis did not, in point of fact, sign, seal and acknowledge the deed, and that she was not privily examined out of the presence of her husband. These are the facts required by the law to be certified by the justices. All the cases in Maryland were cases where the *factum* of the execution and acknowledgment in some form was admitted. *Bissett vs. Bissett,* 1 *H. & McH.*, 211.

The case of Bissett was in equity. The bill was filed for a re-conveyance of land, the conveyance of which, by the wife, was alleged to have been procured by *duress, beating and ill-usage.* The plea was the deed and the Act 1715, ch. 47. This plea was held good. This Court in *Copeland's Case,* 18 *Md.*, 305, have said that this case is reported so imperfectly as to furnish little authority. But the note of Samuel Chase in 1781, states that it was decided in that case that no evidence could be taken to invalidate an acknowledgment of a deed taken by two justices agreeably to the Act of Assembly.

The next case was that of *Ridgely vs. Howard,* 3 *H. & McH.*, 321, decided in 1793. This was under the Acts of 1715, ch. 47, and 1776, ch. 14. In that case the direct question was put by the Chancellor to the General Court, whether the truth of the certificate of acknowledgment of a deed could be disputed. The certificate stated the acknowledgment before the two justices to have been taken

at the same time and place. It was sought to impeach the truth of this certificate by proving that the acknowledgment was taken on different days and at different places. In other words that the certificate was false, *and must have been known to be false by the justices who certified it.*

The General Court held that if such was the fact, and it was competent to prove it, the deed was not operative to pass title to the bargainee, but "that parol evidence is not admissible to prove that said justices separately took the said acknowledgment at different times and different places within the said county." This cause too was in equity. It is believed to be the only case in Maryland where the precise point was ever made and decided. The justices had certified a falsehood, and that falsehood was of vital importance to the title, yet the title resting as it did on the falsehood, could not be impeached on that ground and in that mode. This case has never been reversed, or its principle controverted.

The case of the *Central Bank of Frederick, et al. vs. Copeland and Wife,* 18 *Md.,* 318, was a case in equity, and the *factum* of the execution was not disputed.

The case of the *Central Bank of Frederick vs. Copeland,* 18 *Md.,* decides at most that *in equity,* the truth of the statements made in the certificate may be inquired into as between the parties. That case certainly does not decide that even in equity the certificate is not conclusive as to the *factum* of the *execution and acknowledgment.* Much less does the case decide that the certificate may be impeached *at law.* See *Hawkins vs. Forsyth, et al.,* 11 *Leigh,* 305, 301 *to* 308; *Jolly vs. Handcock,* 7 *Ex.,* 820, *S. C.,* 16 *Eng.,* 472; *Bancks vs. Ollerton,* 26 *Eng. L. and Eq.,* 516, 517; 30 *Eng. L. and Eq.,* 543, *and note; Elwood vs. Klock,* 13 *Barb.,* 50; *Greene vs. Godfrey,* 44 *Maine,* 28, 29; *Haskel vs. Haven, el al.,* 3 *Pick.,* 404; *Eastman vs. Waterman,* 26 *Ver.,* 502; 3 *Wharton,* 469; 2 *Greenleaf's Cruise on Real Property, Title* 32, *ch.* 2, *section* 24, *note* 1; *Dolph vs. Barney,* 5 *Oregon,* 205.

The authorities go to show that where the certificate of acknowledgment is necessary to *pass title,* and not simply to authorize recording, the certificate is conclusive. *Hartley vs. Frosh,* 6 *Texas,* 211; *Gittings vs. Hall,* 1 *H. & J.,* 26.

The justice in taking the acknowledgment and privy examination of a *feme covert,* acts judicially. *Jamison vs. Jamison,* 3 *Wharton,* 469; *National Bank of Fredericksburg vs. Conway,* 1 *Hughes,* (*U. S. C. R.,*) 40, 45; *Hawkins vs. Forsyth,* 11 *Leigh,* 294; *Cooper vs. McDowell,* 5 *Gratt.,* 212; *Horsely vs. Garth,* 2 *Gratt.,* 471; *Taliaferro vs. Pryor,* 12 *Gratt.,* 277; *Johnston vs. Slater,* 11 *Gratt.,* 321; *Turner vs. Stip,* 1 *Wash.,* 319; *Hampton vs. Stevens,* 10 *Am. Law Reg.,* 107, (1871;) *Boswell vs. Flockheart,* 8 *Leigh,* 364; *Dennis vs. Grand Junction Canal Company,* 16 *Law Eq.,* 63; *Withers vs. Baird,* 7 *Watts,* 228; *Freeman vs. Leon,* 14 *Ohio St.,* 531; *Lynch vs. Livingston,* 2 *Seldner,* 434; *Du Muame vs. Burnett,* 5 *Iowa,* 95; *Stevens vs. Hampton,* 46 *Missouri,* 404.

The cases which seem to take another view, are either in States where the statute provides that the certificates shall only be *prima facie* evidence, or where the distinctions between law and equity are abolished and *fraud* is charged in the *pleadings,* or where the acknowledgment and certificate is not necessary to the passing of the title. The weight of authority as well as the force of reason is with the ruling of the Court below.

Bowie, J., delivered the opinion of the Court.

The appellants, (plaintiffs below,) heirs of Mary Davis, deceased, instituted an action of ejectment, in the Circuit Court for Worcester County, against the appellees, heirs of one John Hamblin, on the 29th of May, 1878, to recover certain lands in the declaration mentioned. At the trial of the cause below, it being admitted that Mary Davis was a *feme covert,* and the wife of Littleton Davis, and

possessed in fee in her own right, during the coverture, of
the land in controversy together with her husband, and
that she died *feme covert* and intestate, on the 29th of
July, 1851, her husband surviving her, leaving the plain-
tiffs her heirs at law, and that her husband, Littleton
Davis died on the 24th of October, 1858. The plaintiffs
rested their case. The defendants then offered in evi-
dence the record of a deed from Littleton Davis and Mary,
his wife, to John Hamblin, (who it was admitted entered
into possession of the lands, which were the same of which
the said Mary Davis had been seized and described in the
*narr.,*) as soon as the deed was made, and remained in pos-
session until his death in the year 1876, leaving the
defendants his heirs at law, who have been in possession
of the same ever since his death. The defendants then
closed their case.

The plaintiffs then offered in evidence a paper writing,
purporting to be the original deed from Littleton Davis
and Mary, his wife, to John Hamblin, the record of which
had been given in evidence by the defendants; and
further offered to prove by competent evidence, that the
signature to the certificate of the enrolment thereof was
the genuine signature of John C. Handy, then Clerk of
Worcester County Court, and that the said original deed
was in the possession of the said Hamblin, as a title paper,
at the time of his death. The defendants objected to the
admission of the paper purporting to be the original deed,
and the Court having inquired of the counsel for the plain-
tiffs for what purpose said paper was offered, the plain-
tiffs' counsel stated : 1st. That they offered it as admissi-
ble generally. 2nd. As tending to prove upon its face,
that Mary Davis did not execute said original deed, but
that her signature was forged and fraudulent; and 3rd.
As tending to prove and show upon its face, that the said
original deed had been fraudulently erased, changed and
altered, in the name of the month of its execution, after

its alleged execution, and before its enrolment; that is to say, that the same was attempted to be executed, and was executed as far as the same ever was executed, in the month of August, 1833, and was so dated at that time, and was afterwards, whilst in possession of the said Hamblin, altered by erasing the word "*August,*" and inserting the word "*November*" in its place.

And the plaintiffs offered to follow up the introduction of the original deed of 1833, by parol proof from competent witnesses, tending to show that on the day of the pretended execution of said original deed, the said Mary Davis was called upon by her husband, Littleton Davis, and the certifying magistrate, Stephen Roach, (John Hamblin and others being present,) to execute the alleged original deed, and she declined to do so, and that her name was written by her husband, without her assent, and that she was so distressed as not to know or see it, and on being requested to make her mark, she declined to do so, and that the magistrate, Roach, who is now dead, said it was mere matter of form, and without her making her mark, he then certified the same in her presence and the presence of her husband, and that the certifying magistrate, James Welbourn, who is now dead, for the first time then entered the room, and without a word from him to Mary Davis, or her to him, in her presence, and the presence of her husband, attested the deed and subscribed the certificate of acknowledgment, and that no *privy* examination or acknowledgment of Mary Davis was ever made by, or in the presence of either of said magistrates. The counsel of the defendants then renewed their objections to the admission of said original deed in evidence, and also to the oral testimony proffered with it, because it was incompetent and inadmissible in this action, and in that way to impeach the deed, the magistrates' certificate, and the record thereof. The Court sustained the objection, excluded the evidence, and the plaintiffs excepted.

The appellants contend that the Court below rejected the testimony offered by them, upon the theory urged by the appellees, that the justices' certificate of the execution and acknowledgment of the deed, and the record thereof is conclusive evidence of its due execution, and that no evidence is admissible in this action to disprove the same.

The appellees' proposition as we gather from their brief is: That titles to land, evidenced by regular conveyances, recorded according to law, cannot be impeached in a Court of law, in an action of ejectment, by proof of fraud in the procurement of the deed, or in taking and certifying their acknowledgment by the justices before whom they purport to have been executed, but must be set aside by proceedings in equity:

That a certified copy of a deed regularly recorded, is not only *prima facie*, but conclusive proof of the facts therein stated, and its due execution and acknowledgment, as between grantor and grantee, and all claiming under them in a Court of law. Besides relying on these general and broad propositions for maintaining the action of the Court below, in rejecting the evidence offered by the appellants, the appellees contend the appellants did not object to the introduction of the copy of the record offered by the appellees when offered, and that having rested their case, they could only offer testimony in rebuttal, which is not the character of the evidence in question.

3rd. That the appellants could not impeach a deed offered by themselves.

The preliminary objections, that no resistance was made to the introduction of the record; that the evidence proposed to be offered by the plaintiffs was not rebutting evidence; and, that the plaintiffs could not impeach their own testimony will be first considered.

The certified copy of the record if regular and duly authenticated, is conceded to be *prima facie* evidence of the original deed, and its execution and acknowledgment.

Davis, *et al. vs.* Hamblin, *et al.*

As such it was competent and proper testimony to support the issue joined on the part of the defendants. It does not appear that the defendants offered the record of the deed with any declaration of their object and purpose, or of its degree of weight or effect, but offering it generally, and the same being admissible as *prima facie* evidence, there was no ground for objection on the part of the plaintiffs.

There can be no doubt of the soundness of the rule, that evidence which ought to be offered in chief will be rejected when offered as rebutting testimony. *Vide Lewin vs. Simpson,* 38 *Md.,* 468.

The difficulty lies in its application. The line of distinction between testimony in chief, and that in rebuttal is often very fine.

Rebutting evidence is that which repels or counteracts the effect of evidence which has preceded it.

Evidence which shows that the evidence of the opposite party was not entitled to the force and effect which the law imputes to it *prima facie,* must in its strictest sense be rebutting. In this sense the term rebuttal is used by *Wharton* in his work on *Evidence,* 2 *Vol.,* sec. 1052, where treating of the effect of the acknowledgment of deeds, that learned author expresses himself as follows:

"It has been said that parol evidence is inadmissible to contradict the certificate of the acknowledgment of a deed. But this conclusion is founded on a *petitio principii.* We cannot logically declare that a deed is acknowledged when the acknowledgment is the point in dispute. The true view is, that the certificate of acknowledgment is *prima facie* proof of the facts it contains, if within the officer's range, but is open to rebuttal between the parties by proof of gross concurrent mistake or fraud. In favor of purchasers for valuable consideration without notice, it is conclusive as to all matters which it is the duty of the acknowledging officer to certify, if he has jurisdiction. As to all other per-

sons, it is open to dispute." In the case of the *State vs. Crawford,* 6 *H. & J.,* 234, this Court decided that "where an instrument of writing is required to be recorded, the enrolment of it is evidence of all circumstances necessary to give it validity, but this evidence is not conclusive, it is only *prima facie,* and like all *prima facie* evidence may be rebutted. To give it a conclusive effect might be ruinous to the community; an enrolment however obtained would exclude all inquiry; it would be a shield and protection to fraud, forgery and deceit."

This decision is recognized and adopted in several subsequent cases, and it may be regarded as the settled law of the State. *Vide* 6 *H. & J.,* 276; *Barry vs. Hoffman,* 6 *Md.,* 87, 88; *Warner vs. Hardy,* 6 *Md.,* 537.

The third preliminary objection that the plaintiffs could not impeach their own evidence, when applied to the appellants' offer of the original deed for the purposes indicated is equally untenable.

The original deed proposed to be given in evidence by the appellants, was the ground of the defendants' title. To show it was unsound, forged and fraudulent, the appellants tendered it to the examination and inspection of the the jury or Court acting as a jury, that they determine from its face whether it was a genuine instrument or not, and also in connection with parol evidence, to prove it was procured by fraud. An instrument submitted to a Court or jury for such purposes, cannot be called the evidence of the plaintiffs or party offering it; it was a muniment of the appellees' title found in their possession, and therefore testimony against them, if it disclosed on its face, any mark of mutilation or alteration in a material part.

An inspection or production of a deed, is often a necessary pre-requisite to the submission of testimony, proving its fraudulent character. In the case of *Remington vs. Linthicum,* 16 *Peters,* 93, the plaintiffs read in evidence the deed from Offutt to James Remington and from James to

Davis, *et al. vs.* Hamblin, *et al.*

William Remington, for the purpose of showing that the defendant in ejectment, William Remington, claimed title under Offutt. And then offered further to prove that the said deeds were fraudulent and void as against the plaintiffs. This last mentioned evidence was objected to by the defendant, but admitted by the Court below. Held by the Supreme Court that the evidence was rightly admitted. The deeds were read by the plaintiffs to show that Remington claimed under Offutt, but not to show that he was a *bona fide* purchaser, and when he afterwards offered evidence to prove that these deeds were fraudulent, there was nothing in this offer inconsistent or incompatible with what he had before endeavored to establish by the production of the deeds.

We recur now to the main question, the admissibility of parol evidence in a Court of law, to prove that the execution, acknowledgment or registration of a deed was procured by fraud, or that it was fraudulently altered or forged.

The authorities already cited to show that certificates of acknowledgment and copies of the record, are only *prima facie* proof, establish the doctrine. Such proof is admissible and essential for the protection of the weak, ignorant and infirm. The deed in question in this case, is that of a a married woman, who owned the land in controversy in her own right, and whose right and interests in the same could not be aliened and transferred to a third person, according to the provisions of the Acts of Assembly then in force without a private examination before the Judge or justices out of the presence and hearing of her husband, whether she doth willingly execute the same, etc., nor without the signing and sealing of said deed before such Judge or justices out of the presence and hearing of her husband, which Judge or justices shall endorse upon or annex to such deed, a certificate under his or their hands of such private examination, execution and acknowledgment. *Vide Act of* 1830, *ch.* 164, *sec.* 3.

The certificate of acknowledgment of the deed purporting to be a deed from Davis and wife to John Hamblin, contains no mention of a private examination, and would therefore be insufficient at law to show a transfer of her title to Hamblin; but connected with the evidence proposed to be given, which for the purposes of this inquiry, must be presumed to be true, the existence of the instrument itself as the act of Mary Davis would be disproved, and a gross fraud and forgery exposed.

The counsel of the parties have shown great learning, industry and research in collecting and citing numerous authorities to sustain their respective theories, which would require more space and time to refer to than we have at our command.  The main question being decided by the decisions of this State, we have thought it unnecessary to lengthen this opinion by reference to other authorities.

It results from what we have said, that the Court below in our opinion, were in error in rejecting the evidence offered by the appellants as embodied in the bill of exceptions, and, therefore, the judgment will be reversed with costs to the appellants in both Courts, and new trial awarded.

*Judgment reversed, &c.*

(Decided 18th June, 1879.)