# FURNESS-WITHY & COMPANY, LIMITED,
## A CORPORATION,

*vs.*

## JOHN T. FAHEY,
### TRADING AS JOHN T. FAHEY & CO.

*Contracts: parol evidence; meeting of the minds. Erroneous rulings of trial court: when no ground for reversal.*

The rule excluding parol evidence to affect a written contract is not infringed by evidence to show that the instrument was void, or that it never had any legal existence or binding force, by reason of there being no meeting of the minds. pp. 336-337

No reversible error can be predicated upon the admission of evidence over objection, when the same evidence is admitted elsewhere in the case without objection. p. 337

The admission of evidence that should have been excluded is no ground for reversal, when it is apparent that no injury resulted therefrom. p. 338

*Decided November 11th, 1915.*

Appeal from the Superior Court of Baltimore City. (SOPER, C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*John B. Deming* and *George Whitelock* (with whom was *W. Thomas Kemp* on the brief), for the appellant.

*R. E. Lee Marshall* and *John G. Schilpp,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

This is the second appeal in this case. The facts out of which it arises are fully set out in connection with the decision of the prior appeal, reported in 124 Md. 110, and the case of *Furness-Withy & Co.* v. *Gill & Fisher,* 124 Md. 101. In the first appeal this Court passed upon the pleadings, the refusal of the Court to admit certain evidence, and the instructions given to the jury, and the case was remanded for a retrial, because of the errors pointed out in the opinion referred to, in order that the question of whether the three contracts, dated respectively September 21st, 23rd and Octobr 4th, had or had not been modified by a notification by the appellant and "O. K." of John T. Fahey & Co., and if those contracts had been modified, then to determine what the contracts between the parties were.

On the second trial of the case, the pleadings having been completed in accordance with the opinion of this Court, there was left for the determination of the jury, under the stipulation of the parties, only the questions above indicated. As now presented the case comes to this Court upon ten exceptions, reserved to the rulings of the Superior Court upon questions of evidence, none in any way involving the instructions given to the jury, and whether those instructions were correct or not is not now before this Court for consideration.

While the exceptions are ten in number, they all were reserved upon a single theory, so that a seriatim discussion of them is not necessary to a conclusion of this case.

By the pleas which had been filed, the defendant set up as a defense to the plaintiff's recovery, under the three several contracts of September and October, that there had been a parol modification of them, and that modification consisted in notifications on December 2nd designating the ship "Amana" as the particular vessel to carry the grain contracted to be transported by the original contracts; these notifications were in practically identical form, as follows:

                              "Baltimore, Dec. 2, 1911.
"Mess. John T. Fahey & Co.,
        "City.

    "Dear Sir—We beg to name steamer 'Amana' expected to sail for Leith Dec. 27th, for 3,000 quarters grain.

    "Engagement of Sept. 21, for 3,000 quarters, contract No. 59.

            "Respectfully,

                    "Dresel, Rauschenberg & Co.,
"Signed)                              "Agents.
    "OK.            "Per A. F. Sidebotham.
"John T. Fahey & Co."

Of such notice it was said in *Furness-Withy & Co.* v. *Gill & Fisher,* 124 Md. 107: "The effect of this was to render more definite, in one particular at least, the terms of the original contract; and the assent to it on the part of the shipper amounted to a modification of the original contract by mutual consent at a time when it was perfectly competent for the parties so to do, and substitute a particular ship, in place of an open contract which would be gratified by the sending of any ship of that line."

That language was predicated upon the assumption that the words used had a definite, well-understood meaning, and that it was the same in the minds of both parties to the

contracts. If such was the case then the jury would have so
found, but if in point of fact there was not such common
understanding, then there had been no meeting of the minds,
and therefore no modification of the original contracts. This
was a question of fact to be determined by a jury, not one of
law for the court. The questions put to the witnesses to
which objections were made, and to the admission of answers
to which the exceptions were reserved sought in one way or
another to show what the understanding of the parties was
with respect to the nomination of December 2nd. It must
be borne in mind that the suit as instituted declared on the
original contracts, and that the alleged modification of them
had been set up by the defendant, thus casting upon it the
burden of proving such modification.

The appellant now claims that in showing the understand-
ing of the meaning of the notification of December 2nd and
the "O. K." of the plaintiff thereon, the plaintiff is restricted
to evidence of acts, and cannot show by parol testimony, what
that understanding was, because to do so would infringe the
rule that parol evidence cannot be given to vary, alter or
modify a written agreement between parties. This conten-
tion misconceives the real issue in the case, viz., whether the
written notice of December 2nd was in fact the agreement
of the parties, and to be given the full, legal effect of an
agreement, or was inoperative and void as never having ex-
pressed the real intent of the parties. The line of distinc-
tion between these two positions is well recognized in prin-
ciple, though the facts of any particular case may bring it
into a "twilight zone."

The admissibility of parol evidence to show that there was
never a real meeting of the minds has been established by a
long line of decisions in this State, the leading one among
which is the *Southern St. Ry. Adv. Co.* v. *Metropole Co.*,
91 Md. 61, in which following the earlier cases of *Davis* v.
*Hamblin,* 51 Md. 525, and *Harrison* v. *Morton,* 83 Md. 456,
the rule is announced in these terms: "The rule which
excludes parol or verbal evidence to affect that which is writ-

ten, was not at all infringed by the admission of such evidence to show that the instrument was void or that it never had any legal existence or binding force for want of due delivery and acceptance."

In the same opinion the English cases are cited, and the English rule summarized as follows: "The distinction in point of law is that evidence to vary the terms of an agreement in writing is not admissible, but evidence to show that there is not an agreement at all is admissible."

And the same rule is adhered to in *Birely & Son v. Dodson,* 107 Md. 229; *Colonial Park Estates v. Massart,* 112 Md. 648.

In this last case it was said: "If, therefore, the jury believed Massart's testimony as to the circumstances and *understanding* under which the $250 were paid by him to the company * * * and there was no binding contract of sale between the parties, the plaintiff" was entitled to recover. In the view of this Court the facts and circumstances of this case bring it clearly within the line of these decisions, and no error can be attributed to the lower Court for its rulings which form the bases for the 1st, 2nd, 3rd, 4th, 5th, 6th, 8th and 10th bills of exceptions.

Some of the questions might have been objected to on other grounds, as palpably leading, but no such objection appears to have been made below, nor has it been pressed here. In each instance where such a technical objection might have been interposed, the evidence so sought to have been elicited came in elsewhere without objection, and no reversible error can be predicated upon the admission of evidence over objection, when the same evidence comes into the case elsewhere unobjected to. *Black v. Bank of Westminster,* 96 Md. 399; *B. & O. R. R. Co. v. Deck,* 102 Md. 669; *Parks v. Griffith & Boyd Co.,* 123 Md. 234; *Rice v. Dinsmore,* 124 Md. 276.

The 7th and 9th exceptions present a somewhat different question. On cross-examination the agent of the appellant was asked as to the steamers of the appellant company, other than the "Amana," trading to the ports of Baltimore, Phila-

delphia or Newport News, at or about the period of time of the Fahey contracts. In the form in which the question was put it was liable to have misled the jury, but that no injury resulted to the appellant is clear. Any possible injury that could have resulted from these questions was obviated by the stipulation of the parties as to the amount of the verdict in the event of any verdict being rendered for the plaintiff. So, even if it be assumed that there was error in permitting these questions to be answered, which is not now decided, the error would constitute no ground for reversal, since it occasioned no injury to the appellant.

The instructions granted by the Court were incorporated in the record, though no exception was reserved to them, and they have not been considered in reaching a conclusion. It is only just to say, however, that they placed the true issues of the case fully and fairly before the jury. Finding no reversible error in the rulings of the Court below the judgment appealed from will, therefore, be affirmed.

*Judgment affirmed, with costs.*