Upon the trial of this case there was evidence to show that on the first of May, 1870, the defendant entered into the employment of John S. Cropper Co., and, upon their sale and assignment of the business, continued in the plaintiff's employment by virtue of a verbal agreement that he was to receive a certain commission upon the sale of goods, which should amount to at least the sum of $1,500 a year.
To contradict this evidence a written agreement was introduced by the plaintiff, bearing date April 30, 1870, signed by the firm of J.S. Cropper Co., to the effect that the defendant was to receive a commission of five per cent upon the sales made. It also appeared that the defendant drew the *Page 397 
instrument, that it was executed by the firm within three or four months after the commencement of his employment, and, as he testifies, it was made, and the referee so finds, with sufficient evidence to sustain the finding, to induce one Woods to advance money upon the goods, and that it was given to Woods and kept by him. The question is, under the foregoing facts, whether parol proof of the purpose for which the instrument was executed was competent, and the referee erred in giving effect to it as he did in his report.
The object of the testimony was to show that the instrument was executed for a specific purpose, and that purpose being accomplished, was of no effect in changing the contract previously made with the defendant. I think that it was competent evidence for this purpose. The defendant had made out a contract. The plaintiff proved an instrument which altered the contract, and the defendant had a right to prove that the instrument introduced was not intended as an alteration of the contract, but with a view of accomplishing a particular purpose. Such evidence was not given to change the written contract by parol, but to establish that such contract had no force, efficacy or effect. That it was not intended to be a contract, but merely a writing to be used in inducing Woods to make advancements upon the goods. This is in avoidance of the instrument and not to change it, and I do not see why the testimony was not as competent in this case as it would be to show that a written instrument was obtained fraudulently, by duress or in an improper manner. Such evidence does not come within the ordinary rule of introducing parol evidence to contradict written testimony, but tends to explain the circumstances under which such an instrument was executed and delivered, or to show that it was canceled or surrendered. It would, I think, have been proper to show that the instrument was given up, and equally so that it did not constitute the entire contract, as it was only for a special purpose. There are numerous cases in the books where the design and object of an instrument embodying the main portion of an oral agreement may be shown, and it is *Page 398 
held that a receipt for goods changes the obligation of a preceding parol agreement. (3 Kernan, 569.) It is also held that the purpose for which a writing was executed may be proved by parol when not inconsistent with its terms. (See 1 Keyes, 532.) This case is far stronger than any cited, because the evidence was a perfect answer to the writing, and showed it had no application to the agreement.
There was no error on the trial, and the judgment should be affirmed, with costs.
All concur.
Judgment affirmed.