BENJAMIN W. WILLSE, APPELLANT, v. STEPHEN F. WHITAKER, JR., AND NELSON W. WHITAKER, RESPONDENTS, IMPLEADED WITH STEPHEN F. WHITAKER.

*Evidence—parol evidence varying the terms of a written instrument is inadmissible.*

In this action, brought against the maker and accommodation indorsers of a promissory note, dated January 28, 1879, and payable one day after date, the indorsers were allowed, against the plaintiff's objection and exception, to prove that they indorsed the note under a verbal agreement with the plaintiff, to whom the note was to be delivered, that they should have until the first of the following June to pay it.

*Held*, that the evidence was directly inconsistent with, and affected the terms of the note, and that the court erred in admitting it.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury.

*Johnson & Carver*, for the appellant. The evidence of the parol agreement was erroneously admitted. (*Thompson* v. *Ketch-*

*um*, 8 Johns., 190 ; 2 Parsons on Bills, 21; 1 Greenl. Ev., §. 277 ; Edwards Bills and Notes, 313, 425; 1 Daniel on Negotiable Instruments, 2 ed. 542, *et seq. ; Hall* v. *Newcomb*, 7 Hill, 416 ; *Buckley* v. *Bentley*, 48 Barb., 283 ; *Norton* v. *Coons*, 6 N. Y., 33 ; *Potter* v. *Tallman*, 35 Barb., 182; *Parker* v. *City of Syracuse*, 31 N. Y. 376 ; *Fossin* v. *Hubbard*, 55 Id., 465 ; *Halliday* v. *Hart*, 30 Id., 474 ; *Johnson* v. *Oppenheim*, 55 Id., 293.)

*Cumming & Hand*, for the respondents. The court properly admitted the evidence as to the parol agreement for the extension of the time of payment of the note. (Edwards on Bills, 186 ; *Seymour* v. *Cowing*, 1 Keyes, 535 ; *Miller* v. *Gambie*, 4 Barb., 186 ; *Benton* v. *Martin*, 52 N. Y., 570; *Prentiss* v. *Graves*, 33 Barb., 621; *Bruce* v. *Wright*, 3 Hun, 548; Byles on Bills, 96, note 1; *Latimer* v. *Hill*, 8 Hun, 171; *Bookstaver* v. *Jayne*, 60 N. Y., 146; *Ross* v. *Espy*, 66 Penn., 487 ; *Susquehanna Bank* v. *Evans*, 4 Wash. C. Ct., 480 ; *Johnston* v. *Martinus*, 4 Halst., 144.)

LEARNED, P. J. :

This is an action on a promissory note, dated January 28, 1879, payable one day after date. The indorsers defend, and proved that they were accommodation indorsers. They also proved that when they indorsed the note they did so under a parol agreement with the plaintiff, to whom the note was to be delivered, that they should have until the first of June then following to pay it. The court held that the action could not be commenced before June 1, 1879, and dismissed the complaint as to these defendants.

The agreement given in evidence was directly inconsistent with and affected the terms of the note. (*Johnson* v. *Oppenheim*, 55 N. Y., 293 ; *Chapin* v. *Dobson*, 9 W. Dig. 66.) The note was payable one day after date. The agreement proved was that it should be payable as to the indorser the first of June then next. The defendants might as well have been permitted to prove that they were to pay only $10 on the note instead of $1,030 ; or that they were to pay it at New York instead of paying it at Binghamton. (Edwards on Bills, 148, 313, and cases there cited.)

It is familiar doctrine that an accommodation party may show,

except as against a *bona fide* holder for value, that a note has been diverted from its use for which it was made. That does not affect the terms of the note; but shows that it was never a valid instrument. Such is the case of *Prentiss* v. *Graves* (33 Barb., 621), cited by defendants, and such are many others which might be cited. So, in the case of *Bookstaver* v. *Jayne* (60 N. Y., 146), the indorser did not attempt to disprove the terms of the note. But he set up the breach of another affirmative agreement, viz.: to discontinue a certain action against the maker; and this was held to be a defense. *Grierson* v. *Mason* (60 N. Y., 394), holds only that evidence could be given, showing that a certain writing was not a contract between the parties. *Benton* v. *Martin* (52 N. Y., 570), was a case of the same general character. The parol evidence was not received to alter the meaning of the draft, which on its face bore the conditions on which it was delivered. The conditions had reference to other matters than the contract expressed in the draft itself. The case of *Seymour* v. *Cowing* (1 Keyes, 535), was where it was proved by parol that certain writings, in form notes, were in fact memoranda. That parol evidence avoided the writings. It did not change their effect.

The alleged oral agreement was not a distinct and separate agreement collateral to the indorsement. But, if made, it was an oral agreement varying the terms of the written contract of indorsement, and it should not have been received in evidence.

The judgment should be reversed and a new trial granted, costs to abide the event.

Present—LEARNED, P. J., BOCKES and FOLLETT, JJ.

Judgment reversed, new trial granted, costs to abide event.