(14 Misc. Rep. 239.)

### HILLIARD v. SMITH.

(City Court of New York, General Term. October 29, 1895.)

EVIDENCE—PAROL TO EXPLAIN WRITING.

In an action on a note signed by defendant as executor for money loaned to him by plaintiff, who was the husband of a legatee under the will, defendant may show by parol evidence, and by receipts given by plaintiff for interest on the note, that the loan was made to the estate, and that it was understood that defendant was not to be personally liable.

Appeal from trial term.

Action by John Hilliard against Charles C. Smith to recover moneys alleged to have been loaned to defendant as executor of the will of Adaline L. Gregg. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before VAN WYCK, C. J., and FITZSIMONS and McCARTHY, JJ.

Charles C. Smith, in pro. per.
A. J. Provost, for respondent.

McCARTHY, J. Both parties to this action having moved for a direction of a verdict in their favor, they concede that the question involved is one of law. It is not a question as to the direct liability of the defendant, but to the admission of evidence offered by the defendant for the purpose of changing that liability. The defendant was the executor of the will of Adaline L. Gregg, deceased, and the plaintiff was the husband of one of the legatees of the estate. The following took place at the trial:

The following is the testimony and proceedings upon the trial:

Mr. Milliken appeared for the plaintiff. Mr. Morris appeared for the defendant. A jury to try the issues was duly impaneled, and the case opened to the jury by a statement of the issues to be tried by Mr. Milliken, whereupon Mr. Morris moved the court to dismiss the complaint on the pleadings on the ground that the defendant in this action is sued personally.

"The action is against Charles C. Smith personally, and the complaint alleges that the moneys loaned were so loaned to him as executor of the estate of Mrs. Gregg, deceased, and for the purpose of carrying out certain provisions of the will under which he was appointed executor by one of the parties in interest under the will. The Court: Can an executor borrow? Defendant's Attorney: He cannot. The Court: Then why is he not individually liable? The word 'executor' is merely descriptive. Defendant's Attorney: He would be liable, unless these parties in interest advanced him the money for the express purpose of making it a charge against the estate for their own benefit. The Court: It cannot be done. Defendant's Attorney: In the case of Schmittler v. Simon, 114 N. Y. 176, 21 N. E. 162, it seems that the executor signing an instrument of that character can explain that it was done for the purposes of the estate, and for the purpose of making it a charge on the estate; particularly when the party advancing the money is himself interested in the estate, and may be so charged in an accounting. The Court: That is, where it is in the scope of the executor's powers and duties to borrow money. That has been held repeatedly, and it has been held repeatedly that when an executor, administrator, or any person acting under a trust creates a liability which he has no power to create in his official capacity, then he is individually liable. (Motion to dismiss denied. Exception to defendant.) Defendant's Attorney: I move to dismiss the second cause of action on the same grounds. I think there it is more explicitly set forth. (Motion denied. Exception to defendant.) Plaintiff's Attorney: Do you deny the receipt of the money, Mr. Smith? Defendant's Attorney: No. Defendant admits that he received the money, and that the same has not been repaid to the plaintiff. Plaintiff's Attorney: The interest is forty-three and $^{50}/_{100}$ dollars, and the principal is the sum of one thousand five hundred dollars. (Plaintiff rests.)"

Charles C. Smith, the defendant, being duly sworn, testified as follows: "I am the executor of the estate of Adaline L. Gregg. I know the plaintiff. He is the husband of one of the legatees of the estate. I received from him the moneys mentioned in the complaint, viz. the sum of fifteen hundred dollars in all. Q. Will you state what the conversation was between you and the plaintiff at the time you borrowed these moneys? Plaintiff's Attorney: I object to it as incompetent, irrelevant, and immaterial. The paper shows what it was. (Objection sustained. Exception by the defendant.) Q. Now, for what purpose did you borrow these moneys from him? (Objected to as incompetent, irrelevant, and immaterial. Objection sustained. Exception by defendant.) Q. Did you pay him any interest on these loans? A. Yes. Q. Did you take any receipts for the interest so paid? A. I did. Q. Will you please look at these receipts, and say what they are? A. These are receipts for the interest moneys paid on these loans to the plaintiff. Defendant's Attorney: Now, I offer them in evidence. Plaintiff's Attorney: I object to their being introduced in evidence. Anything in regard to the use for which the money was borrowed I object to, as being entirely irrelevant and immaterial. As to the fact of paying interest, I do not object. Defendant's Attorney: We offer them in evidence for the other purposes. Plaintiff's Attorney: And not for the purpose of proving payment of interest? Defendant's

Attorney: No, sir; not at all. Plaintiff's Attorney: Then I object to them. The Court: For what purpose do you offer these receipts? Do you offer them to show for what purpose the money was loaned? Defendant's Attorney: To show the purpose for which the loan was made. (Objection sustained. Exception to defendant.) Witness: I would like to say that at the time the loan was made it was understood between the plaintiff and myself that there was to be no personal liability assumed by me in taking these loans. It was expressly understood, when these loans were made, that it was to be charged to the estate, and that there was no personal liability assumed by me at that time. Defendant's Attorney: I move to strike that out. The Court: Motion granted, on the ground that any such agreement could not be binding on the estate. Defendant's Attorney: I move that your honor direct a verdict for the defendant on the ground already stated, namely, that the action is brought against Charles C. Smith individually, on two notes made by him as executor of the estate of Adaline L. Gregg, for money advanced to him as such executor by one of the beneficiaries of the will for the purpose of enabling him to carry out the provisions of the will; and that he is not individually liable, but, if liable at all, only as executor, and then only liable to an accounting as such executor. The Court: Didn't I understand you to say a moment ago that he was not a beneficiary under the will; that he was simply the husband of a legatee? That was the statement made on the record: Witness: He is the husband of the legatee; yes. The Court: The motion is denied on the ground that the defendant admits that the plaintiff is the husband of a legatee, not a party, in interest, and in no way interested in this estate. (Exception by defendant.)"

At this point defendant's attorney has the four receipts marked Exhibits 1 to 4, inclusive, marked for identification as follows:

"Exhibit 4.

"Received, Brooklyn, N. Y., Dec. 19th, 1893, from Charles C. Smith, executor, forty dollars, for 6 months' interest on five hundred dollars loaned to Gregg estate at six per cent., being $15.00 due November 1st, 1893, and for 6 months' interest on one thousand dollars loaned to Gregg estate at 5 per cent., due November 23, 1893, being the sum of $25.00.

"$40.00.                                        John Hilliard."

"Exhibit 3.

"Received, Brooklyn, N. Y., May 10, 1894, from Charles C. Smith, executor. fifteen dollars for interest due May 1st, 1894, on five hundred dollars loaned to him as executor of the estate of Mrs. A. L. Gregg, deceased.

"Received payment,                              John Hilliard.
"$15.00."

"Exhibit 1.

"June 8th, 1894.

"Received from Charles C. Smith, executor, twenty-five dollars interest due on one thousand dollars loaned by me to the estate of Mrs. A. L. Gregg, deceased, due May 23, 1894.

"$25.00.                                        John Hilliard,
                                     "Per Josephine A. Hilliard."

"Exhibit 2.

"Received, Brooklyn, December 1st, 1894, from Charles C. Smith, executor, forty dollars, being fifteen dollars interest due November 1st, 1894, on five hundred dollars, and twenty-five dollars interest due November 23, 1894, on one thousand dollars, loaned to the estate of Mrs. A. L. Gregg, deceased.

"Received payment,                             John Hilliard.
"$40.00."

"Plaintiff's Attorney: I move for a direction. The Court: I will grant a direction in favor of the plaintiff. Defendant's Attorney: We except, on the ground that at the time the loan was made it was expressly understood between the plaintiff and the defendant that there was to be no personal liability assumed by the defendant."

By direction of the court, the jury found a verdict for the plaintiff for $1,543.50. An allowance of 5 per cent. was granted by the court.

The general rule is that, when an agreement is reduced to writing, it is, as between the parties, deemed to merge and overcome all prior or contemporaneous negotiations and declarations upon the subject, and that no oral evidence is admissible to vary, explain, or contradict its terms. We think the trial justice was in error in the exclusion of these receipts, and evidence of the conversation as to the purpose of the giving and receiving the money claimed and admitted to have been received. This would not be either the varying, explaining, or contradiction, but showing rather a collateral arrangement between the original parties. In the language of Bradley, J., in Schmittler v. Simon, 114 N. Y., at page 184, 21 N. E. 162:

"But it may be that it would have been admissible for the defendant to prove * * * that the purpose for which a written contract is made may rest in a collateral arrangement, which may be shown, to the effect that the design is different from that which its terms alone may indicate. Grierson v. Mason, 60 N. Y. 394; Chapin v. Dobson, 78 N. Y. 74."

And again, at page 185, 114 N. Y., and page 162, 21 N. E., he says, speaking of the opinion of the court of appeals in Schmittler v. Simon, 101 N. Y. 554, 5 N. E. 452, between the same parties:

"It does not appear what view the court may have taken of the admissibility of evidence of the facts, and of the fact itself, if it then appeared that the payee and the plaintiff, when they received the draft, had been advised that it was drawn and accepted to be paid out of the drawer's interest represented by the defendant as executor."

The fact that the defendant was in the receipt designated as executor, and that he in some of them signed and designated himself as executor of Mrs. Adaline L. Gregg, deceased, does not, of itself, import any other than a personal relation of the defendant to the instrument, as the word "executor" annexed to his name would presumptively be treated merely as descriptive of the person. But it might be given some substantial significance by other provisions, if those were such as were required in the instrument; and in a proper case this might be aided by extrinsic facts. In such case it is open to explanation by evidence to show that the purpose, as understood by the parties to the transaction, was that the party so executing the contract intended to assume no personal liability. The admission of this proposed evidence may not avail the defendant, but we think it admissible; for where the words used, in their application to an instrument of which they are a part, are not entirely intelligible, oral evidence of the circumstances attending its execution, and collateral agreement in regard thereto, may, as between the parties, be admissible to aid in the interpretation in its application of the language so used. For these reasons we think the rejected evidence referred to should have been received as bearing upon the understanding of the relation and the character of the liability the defendant assumed. Judgment is therefore reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.