## THE SOUTHERN STREET RAILWAY ADVERTISING COMPANY OF BALTIMORE CITY *vs.* THE METROPOLE SHOE MANUFACTURING COMPANY OF BALTIMORE CITY.

*Admissibility of Parol Evidence to Show that Signed Instrument was not Intended to be Binding as Contract.*

Parol evidence is admissible to show that an instrument of writing, which is in form a complete contract, was not intended by the parties to be binding upon them.

The real agreement plaintiff's agent and defendant made by parol was that plaintiff should carry in the street cars certain advertisements for defendant for a designated sum. But at the request of plaintiff's agent, defendant signed a written contract, purporting to be for a greater extent of advertising, and a much larger sum, the agent, alleging that he would thereby be enabled to induce other persons to pay the rates mentioned in such writing, by showing same to them, but that it was not to be in any manner binding on defendant. Upon the face of this written contract was printed this stipulation : "No verbal conditions made by agents will be recognized. Every condition must be specified on the face of this contract." *Held,* That parol evidence of these facts is admissible, to show that the written instrument was not intended to be a binding contract, and since this was not a contract, no question as to the authority of the agent to make verbal conditions arises in the case.

Appeal from the Court of Common Pleas, (HARLAN, C. J.)

The defendant's prayer which was granted instructed the jury if they found that " the paper offered in evidence by the plaintiff as a contract between the parties, was signed by the defendant, upon the representations of the agent of the plaintiff, through whom the contract was made, that it was only a matter of form intended to be used to uphold the rates of the plaintiff, and was not signed as a record of the real contract between the parties ; and if they further find that the real contract between the parties was that defend-

ant should advertise with the plaintiff for three months at one hundred dollars per month ; and further, that the defendant fully complied with the contract by paying the three hundred dollars to the plaintiff, then their verdict must be for the defendant."

The contract sued on in this case was as follows :

" The Southern Street Railway Advertising Company. Fidelity Building, Baltimore ; Warder Building, Washington.

*Baltimore*, Mar. 26, 1898.

We authorize you to insert our advertising card, size 11x21 inches in 500 cars in Baltimore, Md., as follows ;

All { Cars Baltimore Consolidated Ry. Co.
Cars Central Railway Co.
Cars Baltimore City Passenger Ry. Co.

for a term of twelve (12) mos. commencing April 9th, 1898, in consideration of which we agree to pay you the sum of three hundred dollars ($300.00) per month, payable at the end of each month during the term of this contract. We reserve the right to use part of said number of available cars, provided number used shall amount to not less than one hundred dollars ($100.00) per month, until full amount shall have been paid in. We reserve the right to cancel at expiration of three (3) months by giving thirty (30) days' written notice. No verbal conditions made by agents will be recognized. Every condition must be specified on the face of this contract. If The Southern Street Railway Advertising Company shall cease to have the right under its contracts with said railway company to maintain the advertisement herein specified, this contract shall terminate, and the other party hereto shall pay under it only to the time of such cessation, but The Southern Street Railway Advertising Company has the right to assign this contract, and any such assignment shall in no case terminate the same. In case of delay of copy or cards beyond specified time, it shall be at the advertiser's loss. This contract conveys no right to the party singing it to assign or sublet the space leased under it. The omission of any reasonable

number of cards from the cars shall not constitute a viola-
tion of this contract; but the advertiser shall be entitled to
a *pro rata* rebate for such cards that may be omitted.  All
payments must be made to the Southern Street Railway
Advertising Company.  All cards subject to approval of
The Southern Street Railway Advertising Company as to
style and contents.  This contract is not binding unless
approved by The Southern Street Railway Advertising
Company,

Name, Metropole Shoe Mfg. Co., Chas. F. Green, Pres't.
Address:

Approved: The Southern Street Railway Advertising
Company, Chas. L. Bermingham, Vice-President.

The cause was argued before McSHERRY, C. J., FOWLER,
BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Charles W. Field* for the appellant.

The admission by the Court below of the testimony
relating to the circumstances under which defendant signed
the contract sued on was in direct violation of two cardinal
principles of law; the first, that written contracts cannot be
varied or nullified by parol testimony of previous or con-
temporaneous agreements.  The second, that he who deals
with an agent with express notice and knowledge of the fact
that that agent has no authority to make the contract he
seeks to make, does so at his peril, and the principal of the
agent is not in any sense bound by any such agreement that
the agent makes.  The printed contract in this case was
signed by the appellee and delivered to appellant's agent to
be taken to the appellant for its signature; and was by that
agent taken to appellant for its signature, which signature was
given.  At no stage of the proceedings was there the slightest
knowledge on appellant's part, or notice to appellant, that
any agreement or verbal contract, altering or affecting this
written contract had been entered into between the appellee
and appellant's agent.  And this being so, the moment the

written contract was executed by both parties it became a valid, binding contract between them, and was the sole and only contract between them ; the previous verbal understanding between the appellee and appellant's solicitor being absolutely null and void *ab initio.* We submit that reason, common sense and law bear out this assertion, and so far as authority is concerned the decision of this Court in *The Lycoming Insurance Company* v. *Langley*, 62 Md. 196, bears out both propositions to the fullest extent.

The alleged verbal agreement nullifying the written contract was made, not by the appellant or by any one authorized by it to make it, but was admitted to be made by an unauthorized agent, who had absolutely no power to make it, and after full, express written notice had been given to appellee that the agent had no such power, and that any such agreement made by him would be null and void as far as the appellant was concerned. In a word, the contract which I make, verbal or written, binds me ; the contract which an agent attempts to make on my behalf when he has no authority to do so, and when the opposite party *knows* he has no authority to do so, *does not* bind me, and cannot be offered in evidence against me. *Equitable Life Ass. Socy.* v. *Poe,* 53 Md. 32.

*Robert H. Smith* and *Edgar H. Gans* (with whom was *B. H. Haman* on the brief), for the appellee.

Of course, it is elementary that parol evidence of prior agreements between the parties is not admissible to vary the terms of a written contract upon the subject subsequently entered into between the parties, but the contention of the appellee is, that this well known rule of evidence does not exclude parol evidence to prove that a writing purporting to be a contract was, in fact, never a contract, and never intended as such by either party ; and that a distinction must be clearly drawn between parol evidence offered to vary or contradict all or some of the terms of an existing and real contract and parol evidence to show that

the paper was never a real contract at all. In other words, if the paper was intended to some extent to record the agreement of the parties, it cannot be modified by parol evidence, but the latter is admissible to negative the fact of the existence at any time of such paper as such a record, or, in a word, to show that said paper is void. And, of course, the parol evidence offered with this end in view should go very clearly and unambiguously to support the contention. That the testimony offered and admitted on behalf of the defendant measured up to the standard, and was indeed most explicit and positive and uncontradicted, will be seen by reference to the testimony copied in the several bills of exceptions.

When it is also borne in mind that this testimony was entirely uncontradicted, it is seen that it established *as a fact* that the paper-writing dated March 26, 1898, was never intended to operate as a record of any real contract between the parties ; and the only question presented is whether such evidence was admissible for the purpose avowed. That parol evidence to show that a writing purporting to be a contract duly executed by the parties thereto, was never intended to operate as a contract between them is admissible, is, we think, clearly maintained by numerous well-reasoned cases. *Leppoc* v. *Union Bank*, 32 Md. 144; 1 *Greenleaf Evidence*, secs. 284, 305c.; *Pollock, Contracts*, 236; *Harrison* v. *Morton*, 83 Md. 456; *Guardhouse* v. *Blackburn*, L. R., 1 P. & D. 115; *Pym* v. *Campbell*, 6 El. & Bl. 370; *Ware* v. *Allen*, 128 U. S. 590; *Rodgers* v. *Hadley*, 2 H. & C. 227; *Grierson* v. *Mason*, 60 N. Y. 394.

The question presented by the seventh, eighth and ninth bills of exceptions is,. as already pointed out, whether the Court erred in rejecting the testimony of the witness, Bonner, called in rebuttal by the plaintiff for the purpose of showing that the plaintiff's soliciting agent, Weilbacher, had no authority to make any contract with the defendant other than the one apparently set forth in the paper-writing dated March 26th, 1898. A moment's careful thought shows this

evidence to have been entirely immaterial. It will be remembered that this was not a case in which an effort was being made to hold the plaintiff for a contract made by said agent, in which case, of course, the authority of the latter would have been open to question ; but in this case the plaintiff was endeavoring to enforce, and the defendant to resist, a contract alleged by the plaintiff to have been entered into by the plaintiff through its agent and the defendant. Here the question was not what was the agent's authority to bind the principal, but was there any contract between the parties ? If there was no contract, it is an idle inquiry what was the agent's authority. And if there was a contract, the plaintiff could not at the same time claim to enforce it, and also claim that the agent had not authority to consummate the contract, for the latter in itself negatives the formation of the contract. In either aspect it is seen that this evidence was entirely immaterial, and therefore inadmissible.

BRISCOE, J., delivered the opinion of the Court.

The declaration in this case contains the common counts, and one setting forth a special contract between the plaintiff and defendant.

The defendant, in addition to the general issue pleas, filed a plea on equitable grounds to this effect ; " that the paper-writing, on which suit is brought, is not the contract of defendant, and that said paper-writing was not intended to create, and did not create, any legal relationship·whatsoever ; that said paper was signed by the defendant upon the request of the plaintiff's agent, in order that the plaintiff or its agents might show the same to other persons dealing with the plaintiff, in order to induce such other persons to pay the rates for advertising mentioned in the contract, and that it was distinctly understood that the paper-writing was not a contract between the parties thereto, and that the bringing of a suit thereon is a fraud upon the defendant ; that the only real contract between the parties was a parol

contract for certain advertising for which the defendant was to pay three hundred dollars ($300), which sum has been fully paid by the defendant."

At the trial, issue was joined on the replication to the equitable plea and to the general issue pleas. There were ten exceptions reserved at the trial. All of these relate to the rulings of the Court upon the admissibility of testimony, except the tenth, which contains the Court's ruling on the prayers. The contract is in writing and dated the 26th of March, 1898, and it authorizes the appellant to insert the advertising cards of the appellee in 500 cars in Baltimore for a term of twelve months, commencing April 9th, 1898, in consideration of the payment of the sum of three hundred dollars per month, payable at the end of each month during the term of the contract. The appellee reserved the right to cancel the contract at the expiration of three months by giving thirty days' written notice. It also provides that no verbal conditions made by agents will be recognized. Every condition must be specified on the face of the contract. The contract was signed by the vice-president of the plaintiff company and by the president of the defendant company and subsequently approved by the plaintiff company. The contract contains other stipulations and reservations, but as the contract will appear in its entirety in the report of the case, it will not be necessary to set it out in detail in this opinion.

It is conceded that the ten bills of exception practically present but one question and that is, whether parol testimony is admissible to show that the written paper, the cause of action in this case, was never intended as a contract, nor as the binding record of the contract between the parties.

The rule against parol evidence to vary or contradict the terms of an agreement in writing is well settled by the Courts. It is earnestly insisted upon the part of the appellee, that this rule has no application to this case, because the testimony was offered, not for the purpose of varying or contradicting the contract, but to show that the parties to

the writing never intended it to be a contract or as the binding record of a contract.   We think the Court below was right in admitting the evidence.

In the case of *Leppoc* v. *Nat. Union Bank, Garnishee*, 32 Md. 144, this Court said: " The rule which excludes parol or verbal evidence to affect that which is written, was not at all infringed by the admission of such evidence to show that the instrument was void or that it never had any legal existence or binding force, for want of due delivery and acceptance."   And to the same effect are the cases of *Davis* v. *Hamblin*, 51 Md. 525, and *Harrison* v. *Morton*, 83 Md. 456.

In *Pym* v. *Campbell*, 6 El. & Bl. 374, it is said: " The distinction in point of law is that evidence to vary the terms of an agreement in writing is not admissible, but evidence to show that there is not an agreement at all is admissible." This rule is sustained by the Courts of England, in the following cases : *Rogers* v. *Hadley*, 2 H. & C. 249; *Lister* v. *Smith*, 3 Swabey & Tristram, 282; *Nichols* v. *Nichols*, 2 Phillimore, 180; *Pattle* v. *Hornibrook*, [1897] 1 Ch. 25. And the Supreme Court of the United States in the recent case of *Burke* v. *Dulaney*, 153 U. S. 234, reviews the cases upon this subject both in this country and England, and Mr. Justice Harlan, speaking for that Court, said : " The rule that excludes parol evidence in contradiction of a written agreement presupposes the existence in fact of such agreement at the time suit is brought.   But the rule has no application if the writing was not delivered as a present contract, and parol evidence was admissible to show that there never was any concluded, binding contract entitling the party who claimed the benefit of it to enforce its stipulations."

We content ourselves, therefore, by a reference to some of the authorities supporting this view in addition to those already cited.   *Ware* v. *Allen*, 128 U. S. 590; *Adams* v. *Morgan*, 150 Mass. 143; *Nutting* v. *Minnesota Insurance Company*, 98 Wis. 32; *Reynolds* v. *Robinson*, 110 N. Y.

654; *Grierson* v. *Mason*, 60 N. Y. 394; *Pollock on Contracts*, 236; 1 *Greenleaf Evidence*, sec. 284, p. 439.

We come then to the evidence as set forth in the bills of exception, and we think it is clear that it was competent for the purposes offered, that is, not to vary or contradict the terms of the written instrument by parol, but to show that such contract had no force, efficacy or effect, because it was not intended to operate as the record of a binding contract between the parties.

The witness, Weilbacher, who was the soliciting agent for the appellant, and who had procured the advertizing contract from the appellee, testified as follows: That he was in the spring of 1898, an advertising solicitor for the plaintiff corporation, and had been at different times during the past three years or so; that his business was to solicit such business for the plaintiff as he could find; that he discovered the defendant company might possibly need advertising and called to see its officers at the company's place of business; that he saw Messrs. G. A. Horner and A. L. Horner, and Messrs. Charles Green and Herbert Green, all of them officers and directors of the defendant company; that he entered into a verbal agreement with them, between them as representing the defendant and himself as representing the plaintiff, to insert the defendant's advertising card for a period of three months, to the extent of one hundred dollars per month, for which the defendant should receive the benefit of one-third of the total number of cars in the city of Baltimore; that after that verbal agreement was entered into the witness submitted to the officers and directors of said defendant company the contract for the signature of the proper officer of said defendant company, and that the paper then shown him, dated March 26th, 1898, being the same paper heretofore set forth, and referred to in the testimony of Miss Ella V. Judge, was one of the three copies of said written contract signed by the defendant and the plaintiff; that he saw said paper signed in triplicate by Charles F. Green, as president of the defendant corporation,

and he knew that the signature of Charles L. Bermingham, on behalf of the plaintiff company, was his genuine signature; that no one went with the witness to get the defendant's signature to this contract; and that the reason why this contract came to be signed by the defendant was, that the defendant wished to avail itself of a certain amount of space in one-third of the total number of cars in Baltimore, at the price of one hundred dollars per month, and wished to get the benefit of a reduced rate per car, the regular rate being supposed to be sixty cents per month per car, and as there were about six hundred cars in the city, the defendant would get the benefit of about two hundred cars for the sum of one hundred dollars per month, which would be a rate of fifty cents per car per month, or less; that when he, the witness, presented this paper for the signature of the defendant company some of the officers of the company stated to witness that the contract did not express the amount of space purchased, nor the amount to be paid for such space; nor the period for which the advertising was to be done, which period the officers said was only to cover three months.

The defendant company was to advertise to the extent or to the amount of one hundred dollars per month for the period of three months, or a total expenditure of three hundred dollars, and that no notice whatever was to be given by the defendant to the plaintiff as to the termination of the contract. Witness, in answer to question from defendant's counsel as to what he said to them, which led them to sign the paper sued on, answered that he then replied to them that this specific contract was simply a matter of form, and that the rate as given on that written contract was higher than the rate which they were to receive the benefit of, and that the contract was simply a matter of form to prevent any outsider from knowing that space was being sold for less than the regular rate of sixty cents per month; that it was true that the signing of that paper would not prevent any one from thinking that better rates were being given.

This testimony was further corroborated by the witnesses, George and Arthur Horner, Charles and Herbert Green, and the witness Henry C. Glantz. And this testimony is entirely uncontradicted.

The contention of the appellant that the clause of the writing "that no verbal conditions made by agents will be recognized ; every condition must be specified on the face of the contract" cannot avail it under the facts of this case. If the contract itself is void and nugatory this provision can have no effect.

We find no error in the rulings of the Court upon either the prayers or testimony, and for the reasons we have given, the judgment will be affirmed.

*Judgment affirmed with costs.*

(Decided March 22nd, 1900.)