IRVIN MORGENSTERN, Appellant, *v.* ALEXANDER J. DIAMOND and Another, Respondents.

First Department, April 8, 1927.

**Contracts — sales — oral agreement of sale — subsequent execution of bill of sale for specific purpose — action on oral contract — error to dismiss complaint on ground that oral agreement was merged in bill of sale.**

In an action on an oral agreement, under which the plaintiff was to sell certain personal property to the defendants, together with a trade name, wherein it appears that some days after the making of the oral agreement the plaintiff executed a bill of sale in order that a record might be made of the assignment of the trade name, it was error to dismiss the complaint on the ground that the bill of sale was a written agreement and merged the terms of the oral agreement.

The fact that a unilateral bill of sale may be treated as a written agreement between the parties does not bar the plaintiff from the right to have a jury pass upon his claim that in fact he fulfilled the oral agreement prior to the delivery of the bill of sale.

APPEAL by the plaintiff, Irvin Morgenstern, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 29th day of March, 1926, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*S. S. Ostertag* of counsel [*Kamen & Ostertag*, attorneys], for the appellant.

*John D. Mithertz*, for the respondents.

PROSKAUER, J. Plaintiff appeals from a judgment dismissing his complaint. He testified to an oral agreement by which he was to

sell and the defendants to buy certain personal property and a trade name in consideration of the assumption by the defendants of certain debts and their agreement to pay $6,000, of which $3,500 was presently paid and $2,500 was to be later paid. The property was delivered and the contract thus fully performed on plaintiff's part. Some days later the plaintiff was requested to execute a bill of sale in order that a record might be made of the assignment of the trade name. He executed this document, which recited that the remaining $2,500 was to be paid " in the event the business of Monotype Machine Printing Composition, in which they are about to engage, is successful." The plaintiff made no proof that the business was successful and sought to recover the balance of $2,500 by virtue of the oral agreement. His complaint was dismissed upon the ground that the bill of sale was a written agreement and merged the terms of the oral agreement. He testified that the condition in the bill of sale with respect to the success of the business was inserted on the advice of defendants' counsel in view of the circumstance that third parties were about to institute a suit against the plaintiff. With the ethics or truth of this excuse we are not here concerned. It was inferable from plaintiff's testimony that the agreement was oral, was fully performed by him prior to the execution of the bill of sale, and that the bill of sale was not intended as a written memorial of the oral contract. That a unilateral bill of sale may be treated as a written agreement between the parties (*Thomas* v. *Scutt,* 127 N. Y. 133) does not debar the plaintiff from the right to have a jury pass upon his claim that in fact he fulfilled the oral agreement prior to the delivery of the bill of sale, and that the bill of sale was in fact not the agreement. (*Grierson* v. *Mason,* 60 N. Y. 394; *Lavalleur* v. *Hahn,* 152 Iowa, 649; 132 N. W. 877; *Humphrey* v. *Timken Carriage Co.,* 12 Okla. 413; 75 Pac. 528; *Southern St. R. Adv. Co.* v. *Metropole Shoe Mfg. Co.,* 91 Md. 61; 46 Atl. 513; *Kelly* v. *Sayle,* 15 D. L. R. 776.)

In *Grierson* v. *Mason* (60 N. Y. 394, 397) MILLER, J., said: " The object of the testimony was to show that the instrument was executed for a specific purpose, and that purpose being accomplished, was of no effect in changing the contract previously made with the defendant. I think that it was competent evidence for this purpose. The defendant had made out a contract. The plaintiff proved an instrument which altered the contract, and the defendant had a right to prove that the instrument introduced was not intended as an alteration of the contract, but with a view of accomplishing a particular purpose. Such evidence was not given to change the written contract by parol, but to establish that such contract had no force, efficacy or effect. That it was not intended

to be a contract, but merely a writing to be used in inducing Wood to make advancements upon the goods."

In *Union Trust Co.* v. *Whiton* (97 N. Y. 172, 177) MILLER, J., said: " Parol evidence may also be introduced to show that even when a writing purports to be a contract it may not be such. (*Grierson* v. *Mason,* 60 N. Y. 397.) "

In *Baird* v. *Baird* (145 N. Y. 659, 664) it is said: " Parol evidence may also be given to show that a writing, purporting to be a contract or obligation, was not in fact intended or delivered as such by the parties.  (*Grierson* v. *Mason,* 60 N. Y. 394.) "

Even in *Thomas* v. *Scutt* (127 N. Y. 133, 137, 138) VANN, J., citing *Grierson* v. *Mason,* says: " Such proof does not recognize the contract as ever existing as a valid agreement and is received from the necessity of the case to show that that which appears to be, is not and never was a contract."

*Grierson* v. *Mason* (*supra*) was also cited with approval by COLLIN, J., in *Grannis* v. *Stevens* (216 N. Y. 583, 587), where he said: " The manual transfer of an instrument, in form a complete contract, does not, however, bar parol evidence that it is not to become binding until the happening of some condition precedent resting in parol, or that the transfer is for a special purpose. * * *  It is a question of fact whether any written agreement, though in possession of the obligee, has been delivered by the obligor as a binding agreement, or whether any delivery that has been made is conditional only."

The case of *Nightingale* v. *J. H. & C. K. Eagle, Inc.* (141 App. Div. 386; revd. on the dissenting opinion of INGRAHAM, P. J., in 205 N. Y. 628) is clearly distinguishable.  There the parol agreement was void under the Statute of Frauds.  Plaintiff, therefore, had to recover either on the subsequent written contract or on a claim for *quantum meruit.*  Since his counsel waived the latter claim on the trial, plaintiff had to recover on the written contract, if at all.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.