■ In the Matter of the Arbitration between JOSEPH SETTINERI, Respondent, and GEORGE JACOBS, Appellant.— In a proceeding to direct that arbitration proceed in accordance with an alleged contract, a cross petition was interposed to dismiss the petition or, in the alternative, to stay arbitration pending a trial of the issue of whether the alleged contract is enforcible. The appeal is from an order directing that arbitration proceed. Order reversed, with $10 costs and disbursements; cross petition granted to the extent of staying arbitration pending trial and determination of the issue of the enforcibility of the alleged contract; arbitration stayed accordingly, and matter remitted to the Special Term for further proceedings not inconsistent with this determination. It is alleged in the cross petition that the parties intended the contract in question to be but a sham and made for the sole purpose of influencing a third party to purchase appellant's interest in a certain corporation. Assuming *arguendo* that the contract is a sham, as claimed, the authorities are in conflict as to whether it would be enforcible (see 6 Williston on Contracts [rev. ed.], p. 4915; 9 Wigmore on Evidence [3d ed.], §2406). *Bernstein* v. *Kritzer* (253 N. Y. 410) and *Grierson* v. *Mason* (60 N. Y. 394) held that such contracts are unenforcible between the parties thereto. (Cf. *Higgins* v. *Ridgway*, 153 N. Y. 130; *Manufacturers Trust Co.* v. *Grossman*, 247 App. Div. 199, affd. 272 N. Y. 471; *County Trust Co.* v. *Mara*, 242 App. Div. 206, affd. 266 N. Y. 540; *Grannis* v. *Stevens*, 216 N. Y. 583.) The factual questions concerning the enforcibility of the contract here in question cannot be determined upon the conflicting allegations and averments in the papers contained in the record (Civ. Prac. Act, § 1450). Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ THEODORE A. LLOYD, Respondent, v. BERNARD L. SCHUBERT et al., Appellants, et al., Defendant. (Appeal No. 1.) — Appeal from an order denying a motion to vacate a warrant of attachment. On June 22, 1956 respondent obtained, on his affidavit and a complaint containing four causes of action, the warrant against appellants on the ground that they were guilty of fraud in procuring a contract. Appellants moved to vacate the warrant on the grounds that the facts in support of the warrant were insufficient and that the complaint contained causes of action other than for a sum of money only. Order reversed, with $10 costs and disbursements, and motion to vacate the warrant granted, with $10 costs. In our opinion, the facts contained in the affidavit and complaint, upon which the warrant was granted, are insufficient. They fail to set forth facts showing, at least prima facie, that appellants have been " guilty of a fraud in contracting or incurring the liability " (Civ. Prac. Act, § 903, subd. 6). It would appear from this record that the fraud, if any, is with respect to the subsequent performance of the contract rather than in its inducement or in its inception. Such subsequent fraudulent conduct in relation to the performance of the contract cannot sustain the warrant of attachment on the ground upon which it was issued, namely, that appellants have been guilty of a fraud in contracting or incurring the liability (*Novotny*

v. *Kosloff*, 214 N. Y. 12, 14). Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.