Perry **CHESTER**

v.

**SCHLEISNER COMPANY, Inc., a body corporate.**

Civ. A. No. 8799.

United States District Court
D. Maryland,
Civil Division.

Nov. 14, 1958.

Walter Herlihy, Baltimore, Md., for plaintiff.

Nathan Patz, Baltimore, Md., for defendant.

CHESNUT, District Judge.

In this case the plaintiff, an employee of the defendant, sued the defendant to recover for an alleged verbal promised bonus of $5,000 or a Cadillac automobile for his services, in addition to a salary of $12,500 a year, which latter has been paid. As a result of a trial the jury, after five or six hours deliberation, rendered a sealed verdict in favor of the plaintiff for $5,000. Prior to the submission of the case to the jury the defendant moved in writing for a directed verdict for the defendant, which was overruled at the time. The defendant has now made a motion for judgment n. o. v. in favor of the defendant, and in the alternative, has filed a motion for a new trial. I will first discuss the ques-

698

tion arising on the motion for judgment n. o. v.

The principal and controlling evidence at the trial was the following: On direct examination the plaintiff testified that for many years prior to his employment by the defendant, he had been employed as manager of the shoe department of the Baltimore branch of I. Miller; that he was acquainted with Schleisner, the president of the defendant corporation which conducts a department store on North Howard Street in Baltimore City, and that Schleisner proposed to the plaintiff that he become manager for the shoe department of the defendant; and after some negotiations he agreed to do so on the promise by the defendant to pay him a salary of $12,500 a year and in addition give him a bonus (at the end of the year) of $5,000 in cash or a Cadillac automobile; that he accepted this offer and after a year's satisfactory service he asked for the bonus but was "put off" or evaded by the defendant, and that after about 18 months he left the employment to make a more satisfactory arrangement with others for the conduct of a shoe store in Florida; and that although demanded, he had never been paid the $5,000 bonus.

On cross-examination defendant's counsel produced and the plaintiff identified his signature to a letter dated about two weeks after he began his employment with the defendant, purporting to state the terms and compensation for the employment. The text of the letter is set out in a note.[1] The substance of the letter is (1) a reference to prior negotiations for compensation, (2) an intended reduction of the terms thereof in the letter (that is an integration thereof), (3) a statement what the salary was to be, to wit, the payment every two weeks of $520.83 for all services required from the plaintiff, (4) no duration of the term of employment other than payment every

1. "Schleisner Company
"Baltimore Maryland    Saratoga 3000
"48 Years of Fashion Leadership
"April 16, 1954

"Mr. Perry Chester
"Schleisner Co.
"Baltimore, Maryland

"Dear Mr. Chester:

"At the time of your employment certain understandings were exchanged which I believe will be more satisfactory to both parties to have in writing.

"The field of your work is buyer of our shoe department in our store and to cover such needs as may exist in the selling of shoes in our branch stores at the Maryland Casualty Company; also to take care of such other duties as may be from time to time assigned to you. Your work will be subject to the Company policies at all times.

"Any orders which you may place are subject to the confirmation of a general merchandise manager, which roll I am presently responsible for. In my absence from the city these orders should be confirmed by our Controller. In the same field of thought, it was agreed that unless otherwise desired by either party it would be convenient to review orders for confirmation in packages of $500 at retail as they may accumulate.

"In the matter of salary our understanding is that you will be paid on the fif- teenth and the last day of each month a sum of $520.83; that this figure does in no way bind either party to your employment and in no wise represents a contract for any stated period of time. In this connection it was stated that Schleisner Co., does not have contracts with its executives or its employees which cover extended employment. It was also understood that the salary which you are receiving is based on the same rate of pay as you received from your former employer, I. Miller & Son.

"The matter of additional compensation was discussed and was left for a later conclusion to be made, if possible and agreeable to both parties, subject to a definite program or an indefinite program. In this connection it is my best thought at this time that to make such an agreement worth while and agreeable, it should be discussed at the installation of our new fixtures which are part of our plan and program subject to conditions out of our control.

"This letter is given to you in duplicate and provides for two signatures so that a copy may be retained by both parties.

"Assuring you of our wholehearted co-operation at all times and that management will make every effort to maintain the success of our plan, we remain

"Sincerely yours,
"Perry Chester
Samuel J. Schleisner"

two weeks, and (5) a reference to prior talk regarding additional compensation not agreed on but postponed for later consideration if and when subsequently mutually agreed upon.

With respect to the letter, which included no promise as to a bonus, the plaintiff said that he did not immediately sign the letter when submitted to him but finally did so after two weeks' delay, and further said that he mentioned to the defendant that the letter did not contain the promise as to the bonus and that Schleisner said that he did not wish other employees to know that there would be a bonus to the plaintiff. The plaintiff further said that he felt it necessary to sign the letter because he had severed his long-time prior employment and would be out of a job with the defendant if he did not sign.

There were some other features of the testimony which are not really material on the point now under discussion. The plaintiff's amended complaint included demand not only for the bonus but for the proportion of the bonus for the period of employment exceeding the first year, and for other unliquidated damages for an alleged discharge due to "harassment". At the conclusion of the case the defendant asked for a directed verdict with respect to all three claims of the plaintiff. This was granted by the court with respect to the second and third features of the amended complaint, but overruled as to the first claim, that is for the bonus. The defendant's motion for a directed verdict for the defendant is thus now related only to the contention as to the alleged verbal promise of the bonus.

In the relatively short duration of the trial the court did not have sufficient time to fully explore the applicable law which was then referred to by counsel as to the parol evidence rule, the contention of the defendant being that the letter stating the terms of the plaintiff's employment could not be contradicted, varied or added to by an alleged (but denied) purely verbal promise to pay an additional sum as a bonus. After hearing the arguments of counsel on the motion and further opportunity to study the question submitted, I reach the conclusion that on all the evidence in the case the letter referred to signed by the plaintiff was, on its face, and with no legally admissible contrary evidence, a full integration of the agreement of the parties as to the plaintiff's compensation for the services to be rendered.

As pointed out by Wigmore in his well-known monumental treatise on the Laws of Evidence, the so-called parol evidence rule is, when critically considered, something of a misnomer. Its application results in the exclusion of parol evidence not strictly speaking because it tends to contradict or vary the terms of the writing but because the excluded evidence is not relevant to the issue; or, in other words, it is a rule of substantive law which renders immaterial verbal modification of an integrated agreement. And I note with interest that this view of the so-called parol evidence rule has been recently adopted by the Court of Appeals of Maryland in the late case of Rinaudo v. Bloom, 209 Md. 1, 120 A.2d 184, in an opinion by Chief Judge Brune. See the fuller discussion in Wigmore, 3d Ed. Vol. 9, § 2400. See also Slice v. Carozza Prop. Inc., 215 Md. 357, at page 368, 137 A.2d 687.

I think it unnecessary to review in particular detail the many Maryland cases illustrating respectively the application or rejection of the so-called parol evidence rule, as each case must necessarily depend upon its own particular facts and circumstances. Many of the Maryland cases are well reviewed in the recent opinion of Chief Judge Brune, supra. The jurisdiction of this court in this case is based on diversity of citizenship and while particular consideration should be given to the applicable Maryland decisions, I have not had my attention called to any federal case which would render the verbal evidence in this case admissible even though not admissible under the Maryland rule as provided in the liberal provision of Rule 43(a)

of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■■ I note the discussion in Wigmore and also in an article in 53 Yale Law Journal, 603, with respect to the more improved method of dealing with a question of this kind at the trial. The suggestion is that the first inquiry should be whether the written agreement relied on was in fact intended by the parties to be a full and complete integration of their whole agreement and that to determine this the court should (in the possible absence of the jury) hear the whole relevant evidence on the point and then judicially determine whether the written agreement was a full integration, and if so, then to exclude oral testimony, otherwise to permit it. This suggested procedure seems to be quite analogous to what is frequently done with regard to the admission, in a criminal case, of the defendant's alleged confession. However, I do not think that this course is mandatory but, as in this case, where the parol evidence has been admitted on plaintiff's direct examination, and on cross-examination he admits his signature to a writing which constitutes an inconsistent integration of the terms of employment, the latter becomes the controlling evidence in the case. The question as to the integration of the instrument can properly be determined by the court upon consideration of all the evidence in the case on a motion for a directed verdict, or, in the present instance, on a motion for a directed verdict for the defendant n. o. v. Therefore, on consideration of all the evidence in the case, I conclude that the written agreement by its own clearly expressed wording did constitute a full integration of the agreement of the parties with respect to the plaintiff's compensation; and as it necessarily by its very terms showed that there was no then existing agreement for a bonus in addition to the regular salary, the plaintiff's verbal evidence as to a bonus becomes immaterial and should be excluded from consideration.

The plaintiff signed the letter under no circumstances constituting legal duress and there is no evidence of fraud or mutual mistake with regard to the letter; nor was it required to be signed hastily. On the contrary, after the letter was delivered to him by the defendant the plaintiff took two weeks to consider the matter and then did sign and return it to the defendant. Very possibly he did so reluctantly but clearly he did so voluntarily and intelligently. Thereby he accepted the terms of employment as stated in the letter and I do not think he can now be allowed to contradict them. He continued in the employment on the terms stated in the letter for about eighteen months and then voluntarily resigned to accept a partnership in a shoe business in Florida, at the time giving a reasonable advance notice to the defendant and expressing in his letter of retirement cordial satisfaction with his association with the defendant. Neither at the time of signing the letter nor at any time thereafter during his employment, did he make any written protest against the terms of employment as stated in the letter and it was not until some months after he had entered on his new association in Florida did he file suit in this court for the recovery of the alleged bonus. In that suit for the first time he also made claim for a proportionate bonus for the portion of the second year during which he was employed by the defendant, and for damages for dismissal from service for alleged "harassment", as to which there was no legally sufficient evidence in the case.

Quite apposite is section 228 of the A.L.I. Restatement of Contracts, p. 307, headed "What is Integration", and particularly illustration 2 of the comment on page 308, reading as follows:

"2. A and B make an oral contract by which A agrees to employ B on certain terms of employment. Immediately thereafter B writes A a letter beginning, 'Confirming our oral arrangement this morning.' B then proceeds to state the

contract as he understands it. He does not, however, state it in all respects accurately. A makes no reply to the letter. A, thereafter, allows B to enter on the agreed employment. There is an integration. A's acquiescence in B's version of the contract by acceptance of services is a manifestation of assent to the writing as a final and complete expression thereof."

In opposition to the motion for judgment n. o. v. counsel for the plaintiff relies particularly on two cases. Grierson v. Mason, 60 N.Y. 394, and United States Nav. Co. v. Black Diamond Lines, 2 Cir., 1942, 124 F.2d 508; but on examination I find those cases are, I think, inapplicable here because on their particular facts they presented a phase of the integration question different from that of the instant case; I therefore hold that the defendant's motion for judgment n. o. v. must be *granted.*

■ As we have noted, the defendant has also moved alternatively for a new trial for reasons other than those advanced in support of the motion n. o. v. Where this is done, I understand the proper practice is for the trial judge to rule on both motions. Of course if the case is not appealed or if appealed the judgment n. o. v. is affirmed, there would be no occasion for ruling on the motion for a new trial. But in the event of a reversal on appeal of the n. o. v. judgment, there should also be a ruling by the trial judge on the motion for a new trial. Rule 50(b) F.R.Civ.P.; Montgomery-Ward v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147; Bopst v. Columbia Casualty Co., D.C.Md.1940, 37 F.Supp. 32; Johnson v. New York, N. H. & H. R. Co., 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77; 5 Moore Fed.Prac. s. 50.12.

■ I will briefly state my reasons for granting a new trial in this case as an alternative to and if not superseded by a judgment for the defendant n. o. v. They overlap and are in addition to the reasons for the judgment n. o. v. I think the verdict of the jury was against the preponderant weight of the evidence when the latter is considered not only quantitatively but qualitatively and with regard to the consistency of the contentions of the respective parties. Apart from the legal effect of the letter signed by the plaintiff, the nature of its evidence is and should be regarded as more persuasive than the contrary verbal statement of the plaintiff never expressed in writing until the filing of this suit months after he had voluntarily resigned his employment. As to consistency of position the defendant has, so far as the evidence goes, always maintained its position in denying the verbal terms as to the bonus while the plaintiff, although now demanding payment of the bonus, continued in the defendant's employ for about eighteen months without, during that time, expressing dissatisfaction and on retiring wrote complimentary letters to the defendant expressing his agreeable association with it during the period of his service.

There are other considerations urged by counsel for the defendant as reasons for granting a new trial. But I think it unnecessary to consider and discuss them. Among them, counsel for the defendant urges that a new trial should be granted for alleged consideration by the jury during its deliberations in the jury room, of some extraneous prejudicial remarks relating to the defendant by one or more jurors thought to have been influential in causing the jury to reach a unanimous verdict after several hours' theretofore unsuccessful deliberation. In support of this contention, counsel for the defendant filed an affidavit by the foreman of the jury to that general effect and on the hearing of the motion for a new trial called the foreman as a witness who testified along the same line. However, in view of what has already been said, I think it unnecessary to further discuss this phase of the matter and will strike out the evidence of the juror which has been admitted subject to exception, and I have disregarded it as a ground for granting the new trial.

In accordance herewith the Clerk is instructed to enter judgment n. o. v. for the defendant this 14th day of November, 1958.