36 N.Y.2d 457 (1975)
David R. Bersani et al., Respondents,
v.
General Accident Fire & Life Assurance Corporation, Ltd., Appellant.
Court of Appeals of the State of New York.
Argued February 10, 1975.
Decided May 5, 1975.
Hugh McM. Russ, Jr. for appellant.
Robert Schaus for respondents.
Chief Judge BREITEL and Judges JASEN, GABRIELLI, JONES, WACHTLER and FUCHSBERG concur.
*458 COOKE, J.
In this action to recover under a standard fire insurance policy, defendant insurer seeks to avoid liability by virtue of an agreement that no claim would be made on the policy in the event of a loss.
Augusto Bersani and plaintiff August Galasso by a deed dated June 14, 1966 acquired title to real property at 582 Third Street in the City of Niagara Falls, for which they paid $23,000. During the fall of that year, defendant wrote a fire insurance policy, for which the premium was paid, insuring against loss to the extent of the actual cash value of the property to the maximum amount of $6,000. Thereafter and by virtue of an instrument of conveyance recorded in December of 1966, Augusto Bersani transferred his interest in the parcel to his sons, plaintiffs David and Rudolph Bersani, and *459 an endorsement on defendant's policy reflecting the change of ownership was issued during the following January. On October 15, 1967, fire gutted the main building on the realty, rendering it a total loss. Notice thereof was given and a formal proof of loss was delivered to defendant.
Galasso and Augusto Bersani, the latter of whom died prior to trial, had hired McDonald, an attorney and realtor, to purchase the parcel in question together with others in the vicinity as an assemblage. When the tenants moved from 582 Third Street and the insurer under a then existing fire policy sent a notice of cancellation, McDonald contacted Richard Stevens, admittedly defendant's agent, in November of 1966 "or thereabouts." There was testimony that McDonald told Stevens that it would facilitate a mortgage if Augusto Bersani and Galasso had an insurance policy, which the bank wanted, and that there would be no claims submitted under the policy. Stevens related that he issued the policy as an accommodation to McDonald, with whom he had done considerable business, and admitted that the Insurance Law prohibits the alteration of a standard policy form.
Trial Term upheld the affirmative defense of no liability, by virtue of the alleged agreement that plaintiffs would refrain from pursuing any claim which might arise under the policy. It allowed evidence concerning the agreement as an exception to the parol evidence rule, on the ground that said proof was not offered to change the policy but to establish that as between the parties the policy had no force or effect. The Appellate Division reversed and directed judgment for plaintiffs for $6,000 and interest.
Section 168 of the Insurance Law states that the printed form of a policy of fire insurance, as set forth in one of its subdivisions, shall be known as the "standard fire insurance policy of the state of New York" (subd 1) and stipulates that "[n]o policy or contract of fire insurance shall be made, issued or delivered by any insurer * * * on any property in this state, unless it shall conform as to all provisions, stipulations, agreements and conditions, with such form of policy" (subd 2). Under it, the insurer engages to recompense the insured according to its terms for the loss for which it is liable, as one of the provisions of the standard policy reads: "The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by *460 agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided."
Even an oral contract of insurance embraces within it the terms and conditions of the standard fire insurance policy (Hicks v British Amer. Assur. Co., 162 N.Y. 284, 288; Brumel v Hartford Fire Ins. Co., 158 Misc 311, 315). In all respects in which the provisions of an insurance policy violate the requirements or prohibitions of the Insurance Law, the policy is enforceable as if it conformed with such requirements or prohibitions (Insurance Law, § 143, subd 1; Rosado v Eveready Ins. Co., 34 N.Y.2d 43, 49). As a general rule, no corporation issuing a policy may escape liability because of its failure to obey the law (Hopkins v Connecticut Gen. Life Ins. Co., 225 N.Y. 76, 82). The purported agreement that the insureds would not pursue a claim which would arise under the policy, standing alone, or engrafted upon the terms of the standard policy, was and is against public policy (Hicks v British Amer. Assur. Co., supra, pp 291-294; Matter of Massachusetts Mut. Life Ins. Co. v Thacher, 15 AD2d 242, 247, affd 11 N.Y.2d 923; Allick v Columbian Protective Assn., 269 App Div 281, 284, affd 295 N.Y. 603) and illegal, being in contravention of the statutory provisions for standard fire insurance policies. Such an agreement is unenforceable (Bakker v Aetna Life Ins. Co., 264 N.Y. 150; Travelers Ins. Co. v Russo, 155 Misc 589). The policy is, therefore, valid and binding on defendant (Insurance Law, § 143; Posner v United States Fid. & Guar. Co., 33 Misc 2d 653, affd sub nom. Posner v New York Mut. Underwriters, 16 AD2d 1013).
The parol evidence rule, more than an evidentiary principle and in truth, a rule of substantive law (Fogelson v Rackfay Constr. Co., 300 N.Y. 334, 338; Higgs v de Maziroff, 263 N.Y. 473, 477), has been characterized as "the most discouraging subject in the whole field of Evidence" (9 Wigmore, Evidence [3d ed], § 2400; see Thayer, Preliminary Treatise on Evidence at Common Law, p 390). Although there is some conflict (see Matter of Settineri [Jacobs], 5 AD2d 885; 71 ALR2d 382), the weight of authority is to the effect that parol evidence is admissible, as between the parties to a written agreement and their privies, to show that a writing which purports to be a contract is not a contract but a sham to further a plan to induce a third party to enter into it or to take or refrain from taking some affirmative action (Bernstein v Kritzer, 253 N.Y. 410, 415-416; Grierson v Mason, 60 N.Y. 394, 397; Hartog v Mehle, 14 AD2d 336, 339; *461 International Assets Corp. v Axelrod, 245 App Div 300; Morgenstern v Diamond, 220 App Div 191; Bowen v Merdinger, 196 Misc 987, affd 279 App Div 1060; 22 NY Jur., Evidence, § 631, p 142). But when the outcome of the admission of parol evidence, to the effect that the parties to the written contract of insurance did not intend it to be an agreement of any force or efficacy, would be contrary to law and public policy, such proof would be inadmissible and the written contract of insurance would be enforced according to its terms (see American Seating Co. v Zell, 322 US 709, revg 138 F.2d 641; Carr v Hoy, 2 N.Y.2d 185, 187; Flegenheimer v Brogan, 284 N.Y. 268; Mount Vernon Trust Co. v Bergoff, 272 N.Y. 192; Nightingale v J. H. & C. K. Eagle, Inc., 205 N.Y. 628, revg 141 App Div 386; Meadow Brook Nat. Bank v Lehmann, 27 AD2d 2d 923; Manufacturers Trust Co. v Grossman, 247 App Div 199, affd 272 N.Y. 471; County Trust Co. of N. Y. v Mara, 242 App Div 206, affd 266 N.Y. 540; Messersmith v American Fid. Co., 187 App Div 35, 37, affd 232 N.Y. 161; 9 Wigmore, Evidence, § 2406, p 17).
Additionally, while in some circumstances parol evidence may be introduced to show that it was the intention of the parties not to enter into an enforcible contract, that principle is predicated on proof of the intention of the parties that the entire contract was to be a nullity, not as here that only certain provisions of the agreement were not to be enforced (i.e., those with respect to the insurer's obligation to the owner) but that other provisions were to be enforcible (i.e., those as to the obligation of the insurer to the mortgagee). Grierson v Mason (60 N.Y. 394, supra) and Bowen v Merdinger (196 Misc 987, affd 279 App Div 1060, supra), relied on by defendant are readily distinguishable from the instant matter since, here, the premium was paid and an endorsement reflecting change of ownership was issued by the insurer during the life of the policy. These acts demonstrate that the policy was not regarded by the parties as a nullity. Furthermore, in Grierson and Bowen, the parol evidence did not involve illegality or result in a situation contrary to public policy.
The order of the Appellate Division should be affirmed.
Order affirmed, with costs.